```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-13-21
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RÖBYNN EUROPE,

              Plaintiff,

-against-

EQUINOX HOLDINGS, INC. d/b/a EQUINOX FITNESS CLUB, EQUINOX EAST 92ND STREET, INC., JOSE TAVERAS, *individually*, CHRISTOPHER MALTMAN, *individually*, and ADAM GECHT, *individually*,

              Defendants.

---

Case No.: 1:20-cv-07787 (JGK)

**PROPOSED STIPULATION FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

---

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff Röbynn Europe (hereinafter referred to as "Plaintiff") and counsel for Defendants Equinox Holdings, Inc. d/b/a Equinox Fitness Club, Equinox East 92nd Street, Inc. (together with Equinox Holdings, Inc., "Equinox"), Adam Gecht, and Christopher Maltman (collectively referred to herein as "Defendants"), that:

    1.    For purposes of this stipulation and order, the following documents and information shall be deemed confidential: (a) medical records, including but not limited to psychotherapy records (b) social security numbers, home addresses and financial information relating to individuals, (c) trade secrets, (d) non-public information relating to Equinox's clients or accounts which Equinox employees are under an obligation to keep confidential, (e) non-public information relating to Equinox's sales and marketing methods which Equinox's employees are under an obligation to keep confidential, (f) non-public information relating to Equinox's financial performance which Equinox's employees are under an obligation to keep confidential and (g) non-

public information relating to Plaintiff's finances and/or tax records and/or legal representation and/or legal fee arrangement.

2. Each party may designate as "Confidential" any document or information which it contends to be confidential as defined above. Medical records need not be designated as confidential and shall be treated as confidential without regard to whether such records were obtained from a party, medical provider, or other non-party. Documents containing social security numbers, home addresses, and financial information relating to individuals need not be designated as confidential, and any such information will be redacted from any documents filed in Court.

The entering into this Stipulation shall not constitute an acknowledgement by the parties that material designated as "Confidential" is in fact confidential and such designation shall have no precedential or evidentiary value. The parties are entering into this Stipulation in order to facilitate discovery.

3. Any material designated as "Confidential" shall be used solely for the purposes of litigating this lawsuit and not for any other purpose, lawsuit, action, or proceeding. However, nothing contained herein shall prohibit Defendants from using confidential documents they produced in this lawsuit in the operation of their business.

4. No designation of confidentiality shall be made unless counsel for the designating party believes in good faith that it is significant to the interest of his or her client that the designated matter is kept confidential and that the client would consider this matter, in the absence of litigation, to be confidential.

5. This Stipulation of Confidentiality will extend to any information or materials derived from a source other than a party to this litigation if that source was contacted solely in regard to this litigation, and if the information or materials received from that source is

the same in substance as information or material previously provided by a party and designated as "Confidential."

6. No designation of "Confidential" shall be effective unless there is placed or affixed on each document or group of documents (in such manner as will not interfere with the legibility thereof) a "Confidential" notice or the equivalent. Any confidential designation which is inadvertently omitted prior or subsequent to the entry of this Stipulation of Confidentiality may be corrected by written notification to opposing counsel.

7. "Confidential" documents or information may not be disclosed by any person to anyone other than to the following: (i) the Court (and Court personnel); (ii) counsel for the parties; (iii) employees of counsel for the parties to this litigation, including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic, and clerical personnel assisting such counsel in this action; (iv) an agreed-upon or assigned mediator; (v) any employee of Equinox with a business need to know; (vi) Plaintiff; (vii) deponents; and (viii) witnesses; provided, however, that disclosure of "Confidential" documents or information to any of the foregoing will be restricted to such "Confidential" documents or information as counsel reasonably and in good faith believe need be disclosed to the individual in order for counsel properly to prepare the case for trial.

8. Any information or material designated "Confidential" shall be disclosed only to those persons designated in paragraph 7(vii) and (viii): (a) who shall have read this Stipulation; and (b) who, prior to the receipt of any "Confidential" documents or information shall agree to be bound by the terms hereof. After such person has read the Stipulation of Confidentiality, he or she shall be required to sign a copy of the Stipulation of Confidentiality or such other documents acknowledging that he or she shall abide by its terms. The parties agree to obtain and retain a signed copy of the Stipulation of Confidentiality or such other document from

3

deponents and witnesses to whom any "Confidential" document or information is disclosed. Nothing herein shall prevent disclosure beyond the terms of this Stipulation of Confidentiality if the party claiming confidentiality consents in writing to such disclosure, or if the party seeking such disclosure, upon timely notice to the other parties, receives the approval of the Court.

9. If any party or counsel wishes to use or inquire into "Confidential" documents or information at any deposition, the portion of the deposition transcript that relates to the "Confidential" documents or information shall be designated and treated as "Confidential" and shall be subject to the confidentiality/protective provisions herein.

10. A party may apply to the Court for a ruling that deposition testimony or a document (or category of documents) designated as "Confidential" is not entitled to such status and protection. The party or other person who designated the document as "Confidential" shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

11. In the event that Plaintiff or Defendants wish to file any "Confidential" documents or information with the Court prior to trial, the party wishing to file such documents or information shall notify the other party at least 7 days before such filing in order to give the other party an opportunity to apply to the Court to have such information filed under seal. Nothing herein shall restrict any party from objecting to the filing of any information subject to this stipulation and order under seal.

12. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial. Accordingly, the identification of any information or document as "Confidential" hereunder shall

not in any manner limit any party's ability to introduce such information or document at trial, but each party reserves the right to raise any objection to such information or document being admitted at trial.

13. If, in connection with this litigation and despite a producing party having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. If a party inadvertently produces a confidential document without marking it as "Confidential," the producing party may so notify the other party, give the other party a new version of the document with a "Confidential" marking and the receiving party, upon receiving the document now marked "Confidential," will destroy the previously produced version of the same confidential document that was not previously marked "Confidential."

16. If any "Confidential" document or information in the possession of a receiving party is subpoenaed by any court, administrative, or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall resist such subpoena or order by immediately notifying the

person or entity of this Stipulation, shall provide the requesting person or entity a copy of this Stipulation, and in any event shall not provide or otherwise disclose such documents or information without first notifying counsel for the producing party in writing of: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction, and index, docket, complaint, charge, civil action, or other identification number or other designation identifying the litigation, administrative proceeding, or other proceeding in which the subpoena has been issued. Plaintiff agrees to notify Cara Ciuffani, Assistant General Counsel of Equinox, and Ali Kunen, Senior Counsel of Equinox (or their respective successors) within seven (7) business days if she is compelled by subpoena or court order, or otherwise contacted by any third parties, to appear and testify concerning matters encompassed by this Paragraph. Plaintiff also agrees that she will not contest Defendants' standing to move to quash such subpoena. Likewise, Defendants agree that they will not contest Plaintiff's standing to move to quash such subpoena.

17. This Stipulation of Confidentiality is intended only to govern the procedures for disclosure of confidential documents, material, and information. Nothing contained in this Stipulation of Confidentiality is intended to, or shall be construed to, waive any objections by any party, including, but not limited to, objections on the grounds of privilege and/or confidentiality, to any requests for discovery by any other party in this action.

18. Nothing contained in this Stipulation of Confidentiality shall be construed to prevent any party from making applications to the Court for revision of the terms of this Stipulation of Confidentiality.

19. At the termination of this litigation, all originals and copies of "Confidential" documents and all originals and copies of excerpts thereof shall be returned to the producing party or at the option of the producing party be destroyed within thirty (30) business days of the termination of the litigation.

Respectfully submitted,

Chloe Liederman
Susan K. Crumiller
Crumiller P.C.
16 Court Street, Ste. 2500
Brooklyn, New York 11241

Dated: Brooklyn, New York   By:   /s Chloe Liederman
May 13, 2021                       Chloe Liederman

ATTORNEYS FOR PLAINTIFF

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017

Dated: New York, New York   By:   /s Jason A. Zoldessy
May 13, 2021                       Jason A. Zoldessy
                                   Gregory S. Slotnick

ATTORNEYS FOR DEFENDANTS EQUINOX HOLDINGS, INC., EQUINOX EAST 92nd STREET, INC., CHRISTOPHER MALTMAN, and ADAM GECHT

It is SO ORDERED this
13 day of May, 2021

/s/ J.G. Koeltl
Judge John G. Koeltl
U.S.D.J.

*[Handwritten note:]* This Order is not binding on the Court or Court personnel. The Court reserves the right to amend the Order at any time. SO ordered. /s/ J.G. Koeltl 5/13/21 U.S.D.J.