

Elior D. Shiloh
77 Water Street, Suite 2100
New York, New York 10005
Elior.Shiloh@lewisbrisbois.com

August 9, 2021

**VIA ECF**
Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:   *Robynn Europe v. Equinox Holdings, Inc. et al.*
               Civil Case No. 1:20-cv-07787 (JGK)

Dear Judge Koeltl:

      We represent Defendant Adam Gecht in the above-referenced matter. We submit this letter pursuant to Local Civil Rule 37.2 and Your Honor's Individual Rule of Practice I(F). This lawsuit involves an employment dispute wherein Plaintiff Robynn Europe, a former Equinox personal trainer supervisor, alleges discrimination-related claims after she was terminated following repeat and documented performance and attendance issues. We request a pre-motion conference related to a discovery dispute between Plaintiff and Defendants concerning the production of redacted sections of Plaintiff's communications with a third party. We seek to compel production of the full documents and to have the opportunity to depose Plaintiff about the documents.

      The parties briefly appeared before Your Honor on a teleconference call regarding this dispute on July 12, 2021 in the midst of Plaintiff's deposition. Since then, in accordance with Your Honor's advice and pursuant to Fed. R. Civ. P. 37(a)(1), the parties have made several attempts to resolve this dispute, including multiple email exchanges on July 13, 15, and 16. As the parties have been unable to reach a consensus, we now seek the aid of the Court.

      Relevant Procedural Background

      On July 12, 2021, during the deposition of Plaintiff, a dispute arose among counsel regarding Plaintiff's document production. Specifically, Plaintiff produced a redacted version of selected sections of a text message conversation between Plaintiff and a third party. The third party is Christopher Rodriguez, a former Equinox employee. We advised Plaintiff's counsel that the

Honorable John G. Koeltl
August 9, 2021
Page 2

communications at issue were not protected by the attorney-client privilege since they were between Plaintiff and a third party. In response, Plaintiff's counsel advised that the communications constituted attorney work product and the redacted portion were inadvertent disclosures. Not wanting to have to take Plaintiff's deposition again, Defendants' counsel was left to contact the Court for guidance as to this impasse. During the teleconference, Your Honor, without the benefit of seeing the communications, instructed the parties to engage in a good faith attempt to confer and reach a resolution but return to the Court for a ruling if the issue could not be resolved. The Court further warned Plaintiff's counsel that if the redacted documents are found not to be subject to any privilege, Plaintiff would have to cover the costs and fees associated with taking Plaintiff's deposition again.

As the parties could not reach a resolution even after multiple attempts, we request a pre-motion conference so that the Court can resolve the issue.

### Plaintiff's Position

Plaintiff argues that the redacted sections are protected under the common interest doctrine. Curiously, counsel did not present this argument until Your Honor did so during the July 21 call. Plaintiff loosely argues that, because Mr. Rodriguez allegedly consulted with her and considered joining Ms. Europe's lawsuit against Defendants, there was a reasonable expectation of a shared legal interest between Plaintiff and Mr. Rodriguez sufficient to trigger the common interest doctrine. Further, Plaintiff claims that the redacted communications in question were made at the time the individuals had an ongoing common interest.

### Defendant's Position

We submit that, while a common interest doctrine exists and serves as an extension of the attorney-client privilege, the doctrine itself is narrowly construed as it is contrary to truth-finding and liberal discovery standards. *ACE Sec. Corp. v. DB Structured Prods., Inc.*, 55 Misc. 3d 544, 556, 40 N.Y.S.3d 723, 732 (N.Y. Sup. Ct. 2016).

For the common interest doctrine to apply, "(1) the party who asserts the rule must share a common legal interest with the party with whom the information was shared and (2) the statements for which protection is sought [must have been] designed to further that interest." *Allied Irish Banks, P.L.C. v. Bank of Am.*, N.A., 252 F.R.D. 163, 171 (S.D.N.Y. 2008). To meet the first element of this test, the parties must show that they are "coplaintiffs or persons who reasonably anticipate that they will become colitigants" concerning "pending or reasonably anticipated litigation." *Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*, 27 N.Y.3d 616 (2016). With respect to the second element, the parties must show that an oral or written agreement between them embodies "a cooperative and common enterprise towards an identical legal strategy" and that their communications were made in furtherance of that strategy. *City of Almaty v Ablyazov*, 2019 US Dist LEXIS 111607, at *21-22 (S.D.N.Y., July 3, 2019). The burden is on the party seeking to invoke

Honorable John G. Koeltl
August 9, 2021
Page 3

the common interest doctrine to make a substantial showing of the need for a common defense through competent evidence, such as the admission of affidavits, deposition testimony or other admissible evidence and not "unsworn motion papers authored by attorneys." *Id*.

Here, there is no legitimate basis for Plaintiff to assert the common interest doctrine. Even assuming that Mr. Rodriguez's "consideration" for joining Plaintiff's lawsuit constitutes an anticipation of potentially becoming co-litigants, Plaintiff cannot satisfy the second element as the conversations between Plaintiff and Mr. Rodriguez simply do not amount to an oral or written agreement that embodies a cooperative and common enterprise towards an identical legal strategy. No agreement, engagement agreement or joint defense agreement supporting a common interest exists.  Further, Plaintiff has not met her requisite burden to make a substantial showing of the need for a common defense by presenting "competent evidence." All that Plaintiff's counsel presents is an unsworn statement that Mr. Rodriguez "considered" joining Plaintiff's lawsuit and that there was a reasonable expectation of a shared legal bond. This submission simply fails to meet her heavy burden. Moreover, documents produced by Plaintiff during discovery highlight that Mr. Rodriguez did not want to even be involved in this lawsuit. We can provide those documents to the Court if requested, and the contemplated motion would include them as exhibits.

Based on the foregoing, Defendant Adam Gecht requests a pre-motion conference with respect to this matter. Alternatively, we request that the Court rule that there is no common interest privilege and that the redacted communications be produced, and that Plaintiff be required to bear the costs and fees entailed as to the second deposition session.

Thank you for your attention to this matter.

Respectfully,

/s/ Elior D. Shiloh

Elior D. Shiloh of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc: All Counsel (via ECF)