

August 10, 2021

*VIA ECF*

Magistrate Judge Katherine H. Parker
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

  RE: *Europe v. Equinox, et al.* – Case No. 20-CV-7787 (JGK)(KHP)

Dear Judge Parker,

  This firm represents Plaintiff Röbynn Europe in the above-captioned employment discrimination and retaliation matter and writes in opposition to Defendant Adam Gecht's letter motion for a 37.2 conference. As described below, Defendant failed his obligation to meet and confer under Your Honor's rules and prematurely filed his letter requesting this Court compel Plaintiff to produce unredacted copies of two partially redacted pages of Plaintiff's electronic messages. As described below, Plaintiff maintains that these communications are privileged under the common interest doctrine, but has nonetheless produced unredacted copies of her production to Defendant to avoid unnecessary motion practice or waste of Court resources. Accordingly, Plaintiff requests that this Court cancel the conference scheduled on August 25, 2021 (Dkt. No. 46).

  By way of background, Plaintiff alleges that Defendant Gecht aided and abetted Equinox by discriminating against her and retaliatorily terminating her employment after she filed a protected complaint. Following her termination, Plaintiff's former coworker, Christopher Rodriguez, sent her an electronic message and the two had a limited written discussion concerning litigating their potential discrimination claims against Equinox together. Plaintiff therefore redacted these communications in her document production to Defendant.

  Defendant objected to Plaintiff's redactions and the parties met and conferred telephonically on July 16, 2021. On that call, Plaintiff offered to share the content of the redacted text messages informally, over the phone, so that Defendant could understand the privileged nature of the communication and determine whether he still needed to pursue unredacted copies of the communications. At that time, Defendant explicitly directed Plaintiff *not* to share the content of the redacted communication, and instead instructed Plaintiff to take Defendant Gecht's deposition, because he was confident that Plaintiff would agree that Gecht was not an

appropriate party to the case and withdraw her claims against him upon hearing his testimony, thereby mooting the discovery dispute concerning redactions.

However, when Plaintiff took Defendant Gecht's deposition on July 20, 2021, he readily admitted to participating in the decision-making process to terminate Plaintiff's employment, and to having recommended her termination. On August 6, with only three and a half weeks remaining in fact discovery, counsel for Gecht renewed his request that Plaintiff dismiss him from all claims, and threatened that if Plaintiff did not do so, "our side has to get more active in prosecuting[1] the case but we would rather not." That same day, Plaintiff stated that based on Gecht's own testimony, he was an appropriate party to the case and that she did not see any basis to withdraw her claims against Gecht. Plaintiff nonetheless invited further discussion on this issue in a good-faith effort to learn more about Gecht's position. Instead, Gecht rushed to file his letter motion regarding the disputed redactions.[2]

In summary, while Plaintiff maintains that the previously-redacted communications are privileged and not subject to disclosure, Plaintiff has now produced unredacted copies of these two pages to Defendants strictly in an effort to prevent a waste of the Court's time and resources. As such, Defendant's request for a pre-motion conference is moot and the conference scheduled for August 25, 2021 can be cancelled.

Respectfully Submitted,

Chloe Liederman

---

[1] Plaintiff notes that Defendant has not filed counterclaims against Plaintiff, and any attempt by Defendant to "prosecute" her because she has asserted legal claims against him is strictly retaliatory.

[2] At this time, Gecht also noticed Plaintiff for a second seven-hour deposition, presumably in an effort to intimidate her with the prospect of a 14-hour total deposition.