**EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RÖBYNN EUROPE,<br><br>      *Plaintiff*,<br>-against-<br><br>EQUINOX HOLDINGS, INC. d/b/a<br>EQUINOX FITNESS CLUB,<br>EQUINOX EAST 92ND STREET, INC.,<br>JOSE TAVERAS, *individually*,<br>CHRISTOPHER MALTMAN, *individually*,<br>*and* ADAM GECHT, *individually*,<br><br>      *Defendants*. | Case No. 20-CV-07787 (JGK) |

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure, and the Local Rules for the Southern District of New York, Plaintiff Röbynn Europe, by her attorneys, Crumiller P.C., propounds the following Request for the Production of Documents to Defendants Equinox Holdings, Inc. d/b/a Quinox Fitness Club, Equinox East 92nd Street, Inc., Christopher Maltman and Adam Gecht to be answered under oath within the time prescribed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

## DEFINITIONS

Röbynn Europe hereby incorporates by reference the definitions set forth in Local Civil Rule 26.3 of the United States District Court of the Southern District of New York (the "Local Civil Rules"). In addition, the following definitions shall apply except where otherwise indicated by words or context.

A. "Equinox," "Taveras," "Maltman," "Gecht," "Defendants," "you," "your" means Equinox Holdings, Inc. d/b/a Equinox Fitness Club, Equinox East 92nd Street, Inc., Jose Taveras,

1

    Christopher Maltman and Adam Gecht, or their agents, employees, representatives or any person acting or purporting to act on its behalf.

B. "Complaint" means the Complaint filed September 22, 2020, by Röbynn Europe.

C. "Answer" means Defendant's Answer and Defenses filed November 12, 2020, by Defendants.

D. The word "document" has the meaning of "documents" set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes writings, drawings, e-mails, graphs, charts, photographs, computer disks, and any other data compilations from which information can be obtained and/or translated, if necessary, by the respondent through detection devices into reasonably usable form.

E. The term "writings" means all writings of any kind, including but not limited to accounts, agreements, analytical records, books, brochures, charts, circulars, computer print-outs and summaries thereof, correspondence, diaries, e-mails, drafts, drawings, graphs, marginal notations, memoranda, notebooks, notes, statistical statements, summaries or records of telephone conversations, meetings, conferences, investigations, interviews, or negotiations, telegrams, working papers, copies or reproductions of any of the foregoing, and any other writing of whatever description.

F. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the specification all responses that might otherwise be construed to be outside its scope.

G. The definitions of "communication," "person," "concerning," "all," "each," "and," "or," and other terms contained in Local Civil Rule 26.3 apply herein.

H. "EEOC" means the Equal Employment Opportunity Commission.

## **INSTRUCTIONS**

1. This request for the production of documents applies to any information and/or documents in the possession, custody or control of Defendants, their accountants, attorneys, employees, officers, directors, shareholders, contractors, and other personnel, or any other persons purporting to act on Defendants' behalf, and not merely such documents as located at the Defendants' place of business.

2. The answers to these document requests must include all information known to Defendants, including their attorneys and all persons acting on their behalf or under their control. If Defendants are unable to respond to any of the following requests in full, after exercising due diligence to secure documents to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever documents you have concerning the unproduced documents, and what efforts you made to secure documents sufficient to allow you to respond fully to the particular request. Respond to each and every request to the extent that you are able to provide any response thereto whether such response consists of documents within your own knowledge or what you have obtained from others. However, for every response in which you include documents received from others, provide the name, any known address, and any known phone number of the person from whom you so received such documents. And, in every such instance, state that you cannot verify such of your own personal knowledge, identifying particularly the documents for which you cannot vouch.

3. If Defendants refuse to answer any request for production of documents, or any portion thereof, on the basis of any claim of privilege, work product immunity, relevance, materiality, or for any other reason, then Defendants must provide in response to each such request for the

production of documents, or portion thereof, the following information: (a) the type of information being claimed as privileged; (b) a general description of the subject matter of the information or document; (c) the date of the information or document; (d) the author of the information or document; (e) the names and addresses of all recipients of the information or document (including "bcc" recipients); and (f) the basis for withholding the information or document (e.g., attorney/client privilege).

4. If Defendants object to any request for the production of documents or any part thereof, all parts of the document requests to which its objection does not apply are to be answered and/or produced.

5. If any document which is the subject of these requests was at one time in existence but was subsequently lost, discarded or destroyed, identify such documents as completely as possible, and provide the following information: (a) type of document; (b) date of document; (c) date when the document became lost, discarded or destroyed; (d) the circumstances and manner in which it was lost, discarded, or destroyed; (e) the reason or reasons for the disposal or destruction of the document; (e) the identity of all persons authorizing or having knowledge of the circumstances surrounding the destruction or disposal of the document; and (f) the identity of all persons having knowledge of the contents of the documents.

6. Each request for production of the original document shall be deemed to call for the production of the original document or documents, to the extent directly or indirectly subject to Defendants' control. In addition, each request should be considered as including all copies, and to the extent applicable drafts of documents which, as to content, differ in any respect from the original or final draft or from each other.

7. For each request for the production of documents, identify each person who supplied information utilized in the preparation of the answers to such request.

8. These requests contain words or phrases which require you to refer to the "Definitions" section of this document provided herein.

9. All documents (and each page thereof) produced in response to this notice shall be paginated and identified as responsive to a particular enumerated request.

10. These requests include documents contained in computer or electronic form. Defendants are on notice that they have a duty to preserve in their current state all documents, including documents that exist in computer or electronic form.

11. These requests are continuing in nature; if, after answering, Defendants obtain or become aware of any further information responsive to these requests, a supplementary answer is required.

12. If any document contains white-out on its face, include a note indicating where the white-out appears.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents and communications concerning any other legal proceeding or lawsuit in which Defendants were accused of employment discrimination or retaliation, including, but not limited to, any documents produced in discovery and any deposition transcripts.

2. All documents and communications showing or concerning Defendants' participation in any EEOC, New York City Commission on Human Rights or New York State Division of Human Rights related proceeding or event, including, but not limited to, a conference, mediation, interview, or meeting.

3. All documents and communications concerning the factual allegations or claims at issue in this lawsuit among or between:

    a. The Plaintiff and the Defendants;

    b. The Plaintiff's manager(s), and/or supervisor(s), and/or Defendants' human resources representative(s).

4. Defendants' responses to claims, lawsuits, administrative charges, and complaints that rely upon any of the same factual allegations, claims or causes of action as those at issue in this lawsuit.

5. All witness statements, affidavits, declarations, reports or other such documents regarding any of the matters set forth in the Complaint.

6. Documents concerning the formation of the employment relationship at issue in this lawsuit, including, but not limited to, Plaintiff's application for employment and any documents relating to discussions about Plaintiff's job candidacy or hiring.

7. Plaintiff's complete personnel file and payroll records.

8. Plaintiff's performance evaluations and formal disciplines, if any.

9. Descriptions of Plaintiff's job responsibilities during the period of her employment by Defendants.

10. All communications to, from or between Taveras and/or Maltman and/or Gecht regarding Plaintiff and/or any aspect of Plaintiff's job performance.

11. Maltman's personnel file, including but not limited to any formal disciplines of Maltman, complaints about Maltman, his employment agreement and resumé.

12. Taveras' personnel file, including but not limited to any formal disciplines of Taveras, complaints about Tavera, his employment agreement and his resumé.

13. Gecht's personnel file, including but not limited to any formal disciplines of Gecht, complaints about Gecht, his employment agreement and resumé.

14. Documents sufficient to show Taveras' last known address, phone number and email address.

15. Descriptions of Taveras' job responsibilities from the period of Plaintiff's employment.

16. Descriptions of Maltman's job responsibilities from the period of Plaintiff's employment.

17. All documents and communications showing or concerning complaints made by current or former clients of Equinox regarding Maltman.

18. All documents and communications showing or concerning complaints made by current or former employees of Equinox regarding Maltman.

19. All documents and communications showing or concerning complaints made by current or former clients of Equinox regarding Taveras.

20. All documents and communications showing or concerning complaints made by current or former employees of Equinox regarding Taveras.

21. All documents and communications concerning Taveras' cessation of employment at Equinox and/or the reason(s) for the cessation of such employment.

22. All documents and communications concerning the organizational structure of Taveras's team at Equinox.

23. All documents and communications concerning the organizational structure of Plaintiff's team at Equinox.

24. All documents and communications concerning the organizational structure of Maltman's team at Equinox.

25. Defendants' workplace policies or guidelines from the period of Plaintiff's employment, including but not limited to policies or guidelines that address attendance, discipline, termination of employment, promotion, discrimination, performance reviews or evaluations and/or retaliation.

26. The table of contents and index of any employee handbook, code of conduct, or policies and procedures manual in effect during the period of Plaintiff's employment by Defendants.

27. All documents and communications from the period of Plaintiff's employment concerning Equinox's training policies and/or processes regarding unlawful workplace discrimination.

28. All documents and communications concerning any conversation between Plaintiff and Taveras about Maltman's behavior, as alleged in paragraphs 33-40 of the Complaint.

29. All documents and communications concerning Taveras' time/attendance records, including but not limited to any related discipline.

30. All documents and communications concerning Maltman's time/attendance records, including but not limited to any related discipline.

31. All documents and communications concerning Raj Ahluwalia's time/attendance records, including but not limited to any related discipline.

32. All documents and communications concerning Cheyenne Lemaster's time/attendance records, including but not limited to any related discipline.

33. All documents and communications concerning Marcell Harrison's time/attendance records, including but not limited to any related discipline.

34. All time/attendance records for employees at Equinox's East 92nd Street facility during the period of Plaintiff's employment.

35. All documents and communications concerning the request made by a new client that occurred on June 4, 2019, as alleged in paragraphs 48-50 of the Complaint.

36. All documents and communications concerning Plaintiff's complaints as alleged in paragraphs 50-52 of the Complaint.

37. All documents and communications concerning the opening of the new client's account, and/or assignment of such account to Maltman, and/or the assignment of a trainer to such client, as alleged in paragraphs 53-55 of the Complaint.

38. All documents and communications concerning current or former Equinox client Mark Dorfman.

39. All documents and communications concerning any discipline of Cori Faerman pertaining to the facts alleged in paragraphs 48-50 in the Complaint.

40. All documents and communications concerning any discipline of Taveras pertaining to the facts alleged in paragraphs 48-55 of the Complaint.

41. All documents and communications concerning Gecht's personal participation at the disciplinary meeting described in paragraph 56 of the Complaint.

42. All documents and communications concerning the decision to terminate Plaintiff's employment.

43. All documents and communications concerning any conversation in which terminating Plaintiff's employment was discussed.

44. All documents and communications concerning any complaints about Plaintiff.

45. All documents and communications concerning any complaints made by Plaintiff.

46. All documents and communications concerning any complaints made by Martin "M." Melendez regarding Maltman and/or Taveras and/or racism and/or homophobia and/or sexism and/or ableism.

47. All documents and communications concerning the reason and/or circumstances of Martin "M." Melendez's cessation of employment by Equinox, including but not limited to documents pertaining to any exit interview of M. Melendez.

48. All documents and communications concerning any complaints made by Michael Lantino regarding Maltman and/or Taveras and/or racism and/or homophobia and/or sexism and/or ableism.

49. All documents and communications concerning the reason and/or circumstances of Michael Lantino's cessation of employment by Equinox, including but not limited to documents pertaining to any exit interview of Michael Lantino.

50. All documents and communications concerning any complaints made by Raj Ahluwahlia regarding Maltman and/or Taveras and/or racism and/or homophobia and/or sexism and/or ableism.

51. All documents and communications concerning the reason and/or circumstances of Raj Ahluwahlia's cessation of employment by Equinox, including but not limited to documents pertaining to any exit interview of Raj Ahluwahlia.

52. All documents and communications concerning any complaints made by Sabrina McGeary regarding Maltman and/or Taveras and/or racism and/or homophobia and/or sexism and/or ableism.

53. All documents and communications concerning the reason and/or circumstances of Sabrina McGeary's cessation of employment by Equinox, including but not limited to documents pertaining to any exit interview of Sabrina McGeary.

54. All documents and communications concerning any complaints made by Marcell Harrison regarding Maltman and/or Taveras and/or racism and/or homophobia and/or sexism and/or ableism.

55. All documents and communications concerning the reason and/or circumstances of Marcell Harrison's cessation of employment by Equinox, including but not limited to documents pertaining to any exit interview of Marcell Harrison.

56. All documents and communications concerning any complaints made by Anthony Heath regarding Maltman and/or Taveras and/or racism and/or homophobia and/or sexism and/or ableism.

57. All documents and communications concerning the reason and/or circumstances of Anthony Heath's cessation of employment by Equinox, including but not limited to documents pertaining to any exit interview of Anthony Heath.

58. All documents and communications concerning any complaints made by Christopher Rodriguez regarding Maltman and/or Taveras and/or racism and/or homophobia and/or sexism and/or ableism.

59. All documents and communications concerning the reason and/or circumstances of Christopher Rodriguez's cessation of employment by Equinox, including but not limited to documents pertaining to any exit interview of Christopher Rodriguez.

60. All documents and communications concerning any complaints made by any equinox Employee at the East 92nd Street facility named "Skyy" regarding Maltman and/or Taveras and/or racism and/or homophobia and/or sexism and/or ableism.

61. All documents and communications concerning the reason and/or circumstances of an Equinox employee at the East 92nd Street facility named Skyy's cessation of employment by Equinox, including but not limited to documents pertaining to any exit interview of "Skyy."

62. All documents and communications concerning any purported medical and/or psychological condition of Plaintiff.

63. All documents and communications concerning any requests for accommodation made by Plaintiff.

64. Documents reflecting any document retention policy of Defendants from October, 2018 though the present.

65. All documents, communications and things not produced in response to any of the foregoing requests that Defendants may seek to introduce at the trial of this action, or that pertain to the matters alleged in the Complaint.

66. Any other document(s), communications and things upon which the Defendants rely to support their defenses, affirmative defenses, and counterclaims, including for use as impeachment.

Dated: Brooklyn, New York
      April 14, 2021

                                                                           CRUMILLER P.C.

                                                                           By: Chloe Liederman
                                                                           16 Court St, Ste 2500
                                                                           Brooklyn, NY 11241
                                                                           (212) 390-8480
                                                                           cl@crumiller.com
                                                                           *Attorneys for Plaintiff*

To:     Jason A. Zoldessy
           Gregory S. Slotnick
           Jackson Lewis P.C.
           666 Third Avenue
           New York, NY 10017
           (212) 545-4000
           Jason.zoldessy@jacksonlewis.com
           Gregory.slotnick@jacksonlewis.com
           *Attorneys for Defendants Equinox Holdings, Inc.,*
           *d/b/a Equinox Fitness Club, Equinox East 92nd Street, Inc.,*
           *Adam Gecht, and Christopher Maltman*