UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ROBYNN EUROPE,

                Plaintiff,

    -against-

EQUINOX HOLDINGS, INC. d/b/a
EQUINOX FITNESS CLUB, EQUINOX
EAST 92ND STREET, INC., JOSE
TAVERAS, *individually*, CHRISTOPHER
MALTMAN, *individually*, and ADAM
GECHT, *individually*,

                Defendants.
---------------------------------------------------------------x

Case No. 1:20-cv-07787 (JGK) (KHP)

**DECLARATION OF JASON A. ZOLDESSY, ESQ. IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

        1.    I am a Principal with the law firm of Jackson Lewis P.C., attorneys of record for Defendants Equinox Holdings, Inc. ("Equinox"), Equinox East 92nd St., Inc., and Christopher Maltman ("Maltman") (collectively, with individually named defendant Adam Gecht ("Gecht"), "Defendants") in the above-captioned action. As such, I am familiar with the documents attached hereto.

        2.    This Declaration is submitted in support of Defendants' Motion for Summary Judgment seeking the dismissal of Plaintiff's Complaint in its entirety, with prejudice, and for such other and further relief as the Court deems just and proper.

        3.    Attached hereto are the following Exhibits which are cited in the Memorandum of Law In Support of Defendants' Motion for Summary Judgment and/or

Defendants' Rule 56.1 Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried:

- A. A true and correct copy of Plaintiff's Complaint in this action, which was filed with the Court on September 22, 2020;

- B. A true and correct copy of Defendants' Answer and Defenses to the Complaint in this action, which was filed with the Court on November 12, 2020;

- C. A true and correct copy of portions of the July 12, 2021 (Day 1) and August 26, 2021 (Day 2) deposition testimony of Plaintiff Robynn Europe, which are cited in the accompanying motion papers;

- D. A true and correct copy of portions of the July 20, 2021 deposition testimony of Defendant Adam Gecht, which are cited in the accompanying motion papers;

- E. A true and correct copy of portions of the August 12, 2021 deposition testimony of Defendant Christopher Maltman, which are cited in the accompanying motion papers;

- F. A true and correct copy of portions of the August 9, 2021 deposition testimony of non-party Kathryn Anta, which are cited in the accompanying motion papers;

- G. A true and correct copy of portions of the August 24, 2021 deposition testimony of non-party Robert Avellan, which are cited in the accompanying motion papers;

- H. A true and correct copy of portions of the August 25, 2021 deposition testimony of non-party Michael Caporusso, which are cited in the accompanying motion papers;

- I. A true and correct copy of portions of the August 19, 2021 deposition testimony of non-party Marcell Harrison, which are cited in the accompanying motion papers;

- J. A true and correct copy of portions of the July 13, 2021 deposition testimony of non-party Stephanie Herrmann, which are cited in the accompanying motion papers;

- K. A true and correct copy of portions of the July 15, 2021 deposition testimony of non-party Paul Kwon, which are cited in the accompanying motion papers;

L. A true and correct copy of Plaintiff Ex. 1[1], which consists of sections of Equinox's Employee Handbook containing Equal Employment Opportunity, Unlawful Discrimination, Harassment, and Retaliation, Reasonable Accommodations for Disabilities, and Attendance and Punctuality policies as well as Plaintiff's acknowledgment and receipts of such policies (D000038-D000049, D000055);

M. A true and correct copy of Plaintiff Ex. 2, Plaintiff's April 2019 Record of Discussion ("ROD") written warning for violating Equinox's Attendance and Punctuality policy (D000010-D000011);

N. A true and correct copy of Herrmann Ex. F, a May 29, 2019 email from Defendant Jose Taveras to Stephanie Herrmann, Rob Avellan, and Adam Gecht about Plaintiff's continued pattern of lateness since issuance of the April 15, 2019 ROD (D000036-D000037);

O. A true and correct copy of Plaintiff Ex. 3, Plaintiff's June 2019 ROD final warning for continued violations of Equinox's Attendance and Punctuality policy (D000012-D000013);

P. A true and correct copy of Plaintiff Ex. 4, Plaintiff's September 2019 Record of Involuntary Separation for additional violations of Equinox's Attendance and Punctuality policy (D00014);

Q. A true and correct copy of Gecht Ex. A, an April 3, 2019 email from Gecht to Taveras counseling Taveras on his time and attendance (D000099); and

R. A true and correct copy of Gecht Ex. D, Taveras' June 2019 ROD written warning resulting from the white trainer incident (D000100-D000101).

4. I have read the above-numbered paragraphs, and confirm the same are true and correct to the best of my knowledge and belief.

Dated: December 17, 2021
New York, New York

_____
Jason A. Zoldessy

---

[1] Exhibits from Plaintiff's deposition are referred to herein as "Plaintiff Ex. ___."