```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---------------------------------------

ROBYNN EUROPE,

                Plaintiff,

- against -

EQUINOX HOLDINGS, INC., ET AL.,

                Defendants.

---------------------------------------

20-cv-7787 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Robynn Europe, brought this action against Equinox Holdings, Inc., Equinox East 92nd Street, Inc. (together, "Equinox" or the "corporate defendants"), and three Equinox employees, Jose Taveras, Christopher Maltman, and Adam Gecht. In a Memorandum Opinion and Order dated September 9, 2022 (the "Opinion"), ECF No. 100, this Court denied in large part the defendants' motion for summary judgment seeking to dismiss the plaintiff's claims of employment discrimination based on race, sex, and a hostile work environment, but granted summary judgment for the defendants on the plaintiff's claim for retaliation in violation of Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). The plaintiff now moves for reconsideration of the grant of summary judgment dismissing the plaintiff's retaliation clam. For the following reasons, the plaintiff's motion for reconsideration is **denied**.

I.

The Court assumes familiarity with the facts of this case, which are set out in detail in the prior Opinion. See Europe v. Equinox Holdings, Inc., No. 20-cv-7787, 2022 WL 4124763, at *1-4 (S.D.N.Y. Sept. 9, 2022).

II.

Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011).[1] To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced." Liberty Media Corp. v. Vivendi Universal S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). Moreover, the "decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2

The Money Store, No. 03-cv-2876, 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014).

### III.

The plaintiff advances two bases for reconsideration. First, the plaintiff argues that the Court overlooked evidence of retaliatory animus other than temporal proximity. Second, the plaintiff argues that the Court overlooked an Order issued by Magistrate Judge Parker granting sanctions against the defendant. See ECF No. 95 ("Sanctions Order").

### A.

The plaintiff claims that other evidence establishes an inference of retaliation that the plaintiff was fired for complaining about discrimination.

First, the plaintiff points to comments made by Maltman that the plaintiff was having a fit, that the plaintiff was not being "charming," Orzick Decl., Ex. 24, ECF No. 89-24, an alleged reference to a "charming Negress," id., Ex. 5, ECF No. 89-5, at 68-69, and that Maltman did "not wish to be subject to this type of person . . . I truly do not appreciate this woman nor do I want to work with her any longer . . . I don't wish to be subject of her desire to find something wrong that I am doing." Id., Ex. 27, ECF No. 89-27, at 1.

Maltman's comments do not support an inference of retaliation. As the Court pointed out in the original Opinion,

3

the "plaintiff testified that Maltman never directed any harassing, discriminatory, or retaliatory conduct toward the plaintiff personally." Europe, 2022 WL 4124763, at *2. The Court also noted that the plaintiff had already raised with her supervisor "the difficulties that the plaintiff had working with and supervising Maltman." Id. Moreover, Maltman's comments do not appear to reflect any indication of retaliation and there is no evidence that Maltman, who was subordinate to the plaintiff, was a decisionmaker with respect to the plaintiff's termination.

Second, the plaintiff argues that Equinox's inconsistent responses to Taveras's lateness as opposed to its responses to the plaintiff's lateness evinced retaliatory intent. However, the Court did consider the issues related to Taveras's lateness, see id. at *6-8, but concluded that the plaintiff failed to adduce "evidence sufficient to show that her termination was motivated by her protected conduct," id. at *10. Furthermore, this argument still does not respond to this Court's reasoning that, because the plaintiff's protected activity began long after Equinox had begun to discipline the plaintiff for lateness, there was no causal connection between her ultimate termination for lateness and that protected activity even under the permissive standard of the NYCHRL. See Bacchus v. N.Y.C. Dep't of Educ., 137 F. Supp. 3d 214, 247 (E.D.N.Y. 2014) ("An employer's continuation of a course of conduct that had begun

4

before the employee complained does not constitute retaliation because, in that situation, there is no causal connection between the employee's protected activity and the employer's challenged conduct.").

Here, the plaintiff failed to adduce sufficient evidence that the protected activity was a motivating factor in the plaintiff's termination. Rather, the plaintiff's documented lateness, which began well before her participation in a protected activity, produced progressive discipline that began before the protected activity. Thus, the plaintiff's arguments for reconsideration – which have already been made on the motion for summary judgment – are without merit.[2]

**B.**

The plaintiff's second basis for reconsideration is that the Court failed to consider the effect of Magistrate Judge Parker's Sanctions Order. The Sanctions Order prevented the defendants from arguing that the plaintiff's attendance record in September 2019 was worse than her comparators or from otherwise comparing the plaintiff's attendance record to that of others for the month of September. See Sanctions Order at 17. However, the Sanctions Order had no bearing on the Opinion

---

[2] The Court was also unpersuaded that a jury could find that the alleged experience of other employees was sufficient to show that retaliation was a factor in the plaintiff's termination. See ECF No. 90, at 18-19; ECF No. 92, at 7-8; Europe, 2022 WL 4124763, at *12.

5

because the Opinion did not rely on a comparison between the plaintiff's attendance record and those of her comparators in the month of September. Instead, the Opinion focused on the plaintiff's tardiness itself, beginning in April 2019. Accordingly, this is an insufficient basis for reconsideration.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not discussed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion for reconsideration is **denied**.

SO ORDERED.

Dated:  New York, New York
        November 15, 2022

John G. Koeltl<br>
United States District Judge