```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---
ROBYNN EUROPE,

                 Plaintiff,

   - against -

EQUINOX HOLDINGS, INC., ET AL.,

                 Defendants.

20-cv-7787 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

    The parties have agreed to dismiss before trial the federal claims and the New York State Human Rights Law (NYSHRL) claims in this case if the Court continues to exercise its discretion to maintain supplemental jurisdiction over the New York City Human Rights Law (NYCHRL) claim. Almost all pre-trial proceedings are complete and the parties are scheduled to be ready for trial in about two months.

    Pursuant to 28 U.S.C. § 1367(c)(3), a district court may, but is not required, to decline to exercise its supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. "A district court's decision whether to exercise [supplemental] jurisdiction [over state law claims] after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). "In deciding whether to exercise jurisdiction,"

a district court should "balance[] the traditional values of judicial economy, convenience, fairness, and comity." Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

In this case, the Court agrees that the values of judicial economy, convenience, fairness, and comity would be served by retaining supplemental jurisdiction over the NYCHRL claim. In light of the extensive effort the Court has expended on this case, including "extensive discovery and motion practice," declining supplemental jurisdiction would "actively work against the values of judicial economy, convenience, and fairness." Zap Cellular, Inc. v. Weintraub, No. 15-cv-6723, 2022 WL 4325746, at *12 (E.D.N.Y. Sep. 19, 2022).

In this case, the federal claims have been dismissed on "the eve of trial." See Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 81-82, 85-86 (2d Cir. 2018) (reversing the district court's decision to decline supplemental jurisdiction when federal claims were dismissed on "the eve of trial"); Raucci v. Town of Rotterdam, 902 F.2d 1050, 1055 (2d Cir. 1990) (affirming the district court's decision to retain jurisdiction in a case where discovery was completed, three dispositive motions had been determined, and the case was ready for trial). Because the "dismissal of the federal claim [has] occur[ed] late in the action, after there has been substantial expenditure in time, effort, and money in preparing the dependent claims," there is

2

no need to "knock[] them down with a belated rejection of supplemental jurisdiction." Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994). Accordingly, the Court will retain supplemental jurisdiction over the plaintiff's NYCHRL claim for trial.

**SO ORDERED.**

**Dated:**     **New York, New York**
              **January 11, 2023**

                                            John G. Koeltl
                                    **United States District Judge**