UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RÖBYNN EUROPE,<br><br>               Plaintiff,<br><br>     -against-<br><br>EQUINOX HOLDINGS, INC. d/b/a EQUINOX FITNESS CLUB and EQUINOX EAST 92ND STREET, INC.,<br><br>               Defendants. | Case No. 20-cv-7787 (JGK) (KHP)<br><br>[PROPOSED] JOINT PRETRIAL ORDER |

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, and pursuant to this Court's Individual Motion Practices and Rules IV(A), the following statements, directions and agreements are adopted as the Pretrial Order herein:

**I.  Full Caption of the Action**

The full caption of the action is *Röbynn Europe v. Equinox Holdings, Inc., d/b/a Equinox Fitness Club, Equinox East 92nd Street, Inc.,* Civil Case No.: 1:20-cv-7787 (JKG) (KHP).

**II.  Trial Counsel Contact Information**

Attorneys for Plaintiff

Hilary J. Orzick
Chloe Liederman
Susan Crumiller
Crumiller P.C.
16 Court St, Ste 2500
Brooklyn, NY 11241
(212) 390-8480
hilary@crumiller.com
chloe@crumiller.com
susan@crumiller.com

Attorneys for Defendants

Greg Riolo
Tracey R. Wallace
Jason A. Zoldessy
Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017

(212) 545-4000
greg.riolo@jacksonlewis.com
tracey.wallace@jacksonlewis.com
jason.zoldessy@jacksonlewis.com

**III.     Subject Matter Jurisdiction**

Plaintiff contends that this Court has subject matter jurisdiction over her claims that arise under federal law pursuant to 28 U.S.C. § 1331 and 1343, as this action involves federal questions regarding the deprivation of her rights under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981") and the Title VII of the Civil Rights Act, as codified, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). This Court has supplemental subject matter jurisdiction over Plaintiff's related claims arising under the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL") and the New York City Human Rights Law, New York City Administrative Code §§ 8-101 *et seq.* ("NYCHRL") pursuant to 28 U.S.C. § 1367(a), because the state law claims arise from the same "common nucleus of operative fact" as the claims arising under federal law, such that they "form part of the same case or controversy."

Defendants do not contest that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

**IV.     Summary of Claims and Defenses**

<u>Plaintiff's Summary of Claims</u>

Plaintiff Röbynn Europe ("Europe") alleges disparate treatment on the basis of sex and race in violation of § 1981, Title VII, the NYSHRL, and the NYCHRL. Defendants Equinox Holdings, Inc., d/b/a Equinox Fitness Club, and Equinox East 92nd Street, Inc. (hereafter "Equinox") subjected Plaintiff to a hostile work environment disparate treatment in terms of employment expectations and disciplinary actions, because of her race and sex, in comparison to similarly situated employees. Defendants engaged in, and/or refused to remediate, hostile and offensive comments made by management to Plaintiff and other employees of color and other women. Defendants also endorsed, accommodated, and abetted a racially discriminatory request of its client. The reason for Defendants' ultimate termination of Plaintiff's employment was pretext for a prohibited reason motivated by the Plaintiff's sex and race.

Plaintiff initially brought claims of retaliation against Defendants in violation of § 1981, Title VII, the NYSHRL, and the NYCHRL and disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, as amended by the ADA Amendments Act, which were dismissed in connection with Defendants' summary judgment motion. Dkt. No. 100. Plaintiff also initially brought claims of discrimination and retaliation against Adam Gecht and Christopher Maltman in violation of § 1981, the NYSHRL, and the NYCHRL, which were dismissed pursuant to the Parties' September 28, 2022 and February 1, 2023 stipulations. Dkt. Nos. 110-111, 124-125. On January 12, 2023, the Court agreed to retain jurisdiction over Plaintiff's NYSHRL and NYCHRL claims permitting Plaintiff not to pursue her § 1981 and Title VII claims at trial. Dkt. No. 119.

Defendants' Defenses

Defendants assert that Plaintiff cannot prevail on her claims for sex and/or race discrimination brought pursuant to Title VII, Section 1981, the NYSHRL and the NYCHRL because Plaintiff was terminated for legitimate, non-discriminatory and non-retaliatory business reasons. First, Plaintiff cannot prove each and every element of a prima facie case under the various statutes. Second, Plaintiff was terminated because of her poor time and attendance record which failed to improve despite ongoing counseling and discipline issued by Equinox throughout Plaintiff's employment with the company. Lastly, Plaintiff cannot establish that her employment was terminated under circumstances giving rise to any inference of discrimination.

Defendants further assert that Plaintiff cannot prevail on her hostile work environment claims brought pursuant to Title VII, Section 1981 and the NYSHRL because Plaintiff was not subjected to severe or pervasive conduct pertaining to sex and/or race that altered the conditions of her employment or that otherwise created an abusive working environment. Defendants also deny that Plaintiff ever complained of such purported sex or racial harassment during her employment despite the existence of specific policies in Equinox's Employee Handbook on how to lodge complaints of perceived discrimination or harassment.

Moreover, Plaintiff cannot prevail on her NYCHRL claims of discrimination and harassment because she cannot establish that she was treated "less well" because of her sex or race. Plaintiff has not identified any similarly situated individuals who were treated more favorably than she was in connection with any employment action. There is no evidence to support Plaintiff's claim that Equinox tolerated similar chronic performance deficiencies by any employee of a different race or sex.

Plaintiff's claims against Defendants of disability discrimination and retaliation have been dismissed in their entirety, and do not remain to be tried.

## V.  Jury and Length of Trial

The case is to be tried before a jury. The estimated total length of the trial is 5-7 days.

Defendants do not contest Plaintiff's right to a jury trial as to those issues properly before a jury. However, certain or various matters that may arise before, during or after the trial may be or are for disposition by the Court (and Defendants are not waiving their rights in that regard).

## VI.  Magistrate Judge

The parties do not consent to trial of the case by a magistrate judge.

## VII.  The Parties' Stipulations of Fact and Law

The parties decline to submit stipulations of fact and law to the jury.

## VIII. Witnesses

**Plaintiff's Witnesses (Liability)**

| Name | Method | Proffered Testimony |
|---|---|---|
| Röbynn Europe | In person | Europe will testify to her employment background; performance and experience with Defendants; discrimination committed at Equinox against her and others; complaints and/or allegations of discrimination or other misconduct made by current and former employees of Defendants; complaints Europe made concerning discrimination during her employment and following her termination; Defendants' response to Europe's complaints of discrimination; Defendants' business personnel and employment decisions, policies, and practices. |
| Rajeev Aluwahlia | In person | Aluwahlia will testify to Europe's performance and experience with Defendants; discrimination committed by Defendants against Europe; complaints and/or allegations of discrimination or other misconduct made by current or former employees of Defendants; Defendants' acts of discrimination towards himself and other Equinox employees, and Defendants' business, personnel and employment decisions, policies, and practices. |
| Adam Gecht | Deposition | Gecht will testify to Europe's performance and experience with Defendants, discrimination committed at Equinox, complaints and/or allegations of discrimination or other misconduct made by current or former employees of Equinox, complaints Europe made concerning discrimination during her employment, Equinox's disparate treatment of Europe, Maltman's discriminatory statements and actions concerning Europe, and Equinox's business, personnel, and employment decisions, policies, and practices. |
| Christopher Maltman | In person | Maltman will testify to Plaintiff's performance and experience with Defendants, his attitude, opinions, and comments concerning Europe, discrimination committed at Equinox, complaints and/or allegations of discrimination or other misconduct made by current or former employees of Equinox, complaints Europe made concerning discrimination during her employment, Equinox's business, personnel, and employment decisions, policies, and practices. |
| Martin Melendez | In person | Melendez will testify to Europe's performance and experience with Defendants; discrimination committed by Defendants against Europe; complaints and/or allegations of discrimination or other misconduct made by current or former employees of Defendants, including Melendez's own experience with discrimination and |

4

| | | |
|---|---|---|
| | | harassment as an employee of Equinox; Defendants' business, personnel and employment decisions, policies, and practices. |
| Dawn Parker | In person | Parker will testify to complaints and/or allegations of discrimination or other misconduct made by current or former employees of Defendants, including Parker's own experience with discrimination and harassment as an employee of Equinox; Defendants' business, personnel and employment decisions, policies, and practices. |
| Christopher Rodriguez | In person | Rodriguez will testify to Europe's performance and experience with Defendants; discrimination committed by Defendants against Europe; complaints and/or allegations of discrimination or other misconduct made by current or former employees of Defendants, including Rodriguez's own experience with discrimination and harassment as an employee of Equinox; Defendants' business, personnel and employment decisions, policies, and practices. |
| Sabrina McGeary | In person | McGeary will testify to Europe's performance and experience with Defendants; discrimination committed by Defendants against Europe; complaints and/or allegations of discrimination or other misconduct made by current or former employees of Defendants, including McGeary's own experience with discrimination and harassment as an employee of Equinox; Defendants' business, personnel and employment decisions, policies, and practices. |

While Plaintiff does not have any additional witnesses at this time that she intends to call if the need arises, Plaintiff reserves the right to call any witness listed by Defendants. Plaintiff also reserves the right to call unlisted witnesses for purposes of impeachment or rebuttal. Plaintiff also reserves the right to amend and/or supplement the Pre-Trial Order consistent with the Federal Rules of Civil Procedure, Local Civil Rules for the Southern and Eastern Districts of New York and/or the Individual Rules of the Honorable John G. Koeltl, or as otherwise appropriate and/or necessary.

Defendants object to Dawn Parker as a witness as she has no knowledge of Plaintiff's claims in this case. Defendants have filed a motion *in limine* setting forth their position on this proposed witness in greater detail.

**Defendants' Witnesses**

| Name | Method | Proffered Testimony |
|---|---|---|
| Plaintiff | In person | Plaintiff will testify regarding Plaintiff's employment with Defendant, Plaintiff's job duties, Plaintiff's time and attendance, the discipline issued to Plaintiff, concerns lodged by Plaintiff with Equinox and the resolution of same, Equinox's policies and procedures and Plaintiff's alleged damages. |
| Christopher Maltman | In person | Christopher Maltman will testify regarding his employment with Equinox, his communications with Plaintiff during his employment |

5

| | | |
|---|---|---|
| | | with Equinox, Equinox's policies and procedures, discipline issued to him by Equinox, and Plaintiff's allegations of harassment pertaining to Maltman. |
| Stephanie Herrmann | In person | Stephanie Herrmann will testify regarding Plaintiff's employment with Equinox, Equinox's policies and procedures, concerns lodged by Plaintiff with Equinox and Equinox's investigation into such concerns and resolution of same. Ms. Herrmann also will testify regarding discipline issued to Plaintiff and the events leading up to the termination of Plaintiff's employment. |
| Paul Kwon | In person | Paul Kwon will testify regarding Plaintiff's employment with Equinox, Equinox's policies and procedures, concerns lodged by Plaintiff with Equinox and Equinox's investigation into such concerns and resolution of same. Mr. Kwon also will testify regarding discipline issued to Plaintiff and the events leading up to the termination of Plaintiff's employment. |
| Robert Avellan | In person | Robert Avellan will testify regarding Plaintiff's employment with Equinox, Plaintiff's job duties, Plaintiff's job performance, Equinox's policies and procedures, discipline issued to Plaintiff and the events leading up to the termination of Plaintiff's employment. |
| Michael Caporusso | In person | Michael Caporusso will testify regarding Plaintiff's employment with Equinox, Plaintiff's job duties, Plaintiff's job performance, Equinox's policies and procedures, discipline issued to Plaintiff and the events leading up to the termination of Plaintiff's employment. |
| Marcell Harrison | In person | Marcell Harrison will testify regarding Equinox's polices and procedures, her employment with Equinox as Personal Training Manager at the East 92nd Street club, her dealings with Christopher Maltman while employed at the East 92nd Street club, and communications with Plaintiff after Plaintiff became employed as Personal Training Manager at the East 92nd Street club. |

Defendants reserve the right to read relevant portions of in-person testimony if any witness who was deposed is unavailable at the time of trial.

Defendants reserve the right to call additional witnesses identified by Plaintiff and rebuttal witnesses. Defendants reserve the right: (1) to call witnesses on rebuttal that are not identified in this joint pre-trial order based on the witnesses, testimony, and exhibits offered by Plaintiff; (2) not to call any persons on this list; (3) to call any persons identified by Plaintiff as a potential trial witness (without waiver of any objection to certain witnesses for any purpose); (4) to call witnesses discovered as a result of documents or information produced subsequent to the date of this Joint Pretrial Order, (5) to call custodians of documents as may be necessary; (6) to introduce testimony by way of deposition transcript in the event that a witness is unavailable; and (7) to supplement or amend their list of possible trial witnesses.

Although Defendants have incorporated Plaintiff's designated witnesses in this disclosure and have identified additional witnesses of their own, this does not mean that Defendants control these witnesses, will be able to produce them at the time of trial, or has authority to accept service of process on their behalf.

Plaintiff objects to Defendants' inclusion of Marcell Harrison in its witness list, as Harrison does not have any relevant non-hearsay admissible testimony to offer in Defendants' case-in-chief.

**Plaintiff's Witnesses (Damages)**

| Röbynn Europe | In person | Europe will testify to the damages she suffered as a result of Defendants' discriminatory actions. |
|---|---|---|
| Joseph Klein | In person | Klein will testify to his observations of the emotional distress Europe experienced while working for Defendants and following Defendants' termination of employment, as well as the damages suffered by Europe as a result of Defendants' discriminatory actions. |
| Nisreen Osseili | In person | Osseili will testify to Europe's mental health treatment, her observations of the emotional distress Europe experienced while working for Defendants and following Defendants' termination of employment, the damages suffered by Europe as a result of Defendants' discriminatory actions. |
| Rooma Ramkumkar | In person | Ramkumkar will testify to Europe's mental health treatment, her observations of the emotional distress Europe experienced while working for Defendants and following Defendants' termination of employment, the damages suffered by Europe as a result of Defendants' discriminatory actions. |

Defendants object to the calling of Joseph Klein at trial as this witness was never identified. Defendants object to Nisreen Osselli and Rooma Ramkumkar to the extent that they are being called to testify that any emotional distress claims were the result of her treatment at Equinox.

## IX.   Deposition Designations

Plaintiff's Designations

Plaintiff submits the following designations solely in the event that such witnesses are unexpectedly unavailable for trial, other than Adam Gecht's.

| Deponent | Transcript Designation |
|---|---|
| Adam Gecht | 90:20-22; 91:4; 102:2-5; 100:3-108:11; 107:10-13; 108:8-11; 109:2-110:7; 112:5-8; 112:17-18; 113:5-11; 120:17-20; 124:24-125:6;  153:24-154:9; 159:3-8. |
| Robert Avellan | 129:8-14. |

7

| Stephanie Herrmann | 51:15-25; 62:2-8; 84:10-14; 110:8-16; 121:2-8; 124:4-17; 130:20-25; 151:11-17; 160:6-10; 161:17-25; 162:8-16; 165:13-22; 166:16-21. In *Parker v. Equinox Holdings, Inc. et al,* 1:20-cv-03306-JPO): 48:21-49:70; 115:21-116:12; 86:13-87:7; 154:5-10. |
|---|---|
| Paul Kwon | 81:20-82:3; 83:21-84:4; 84:5-13; 91:24-92:3; 92:10-13; 109:24-111:4; 114:19-115:5; 127:23-130:25; 159:3-25. |
| Marcell Harrison | 25:11-26:3; 27:13-28:4; 33:19-34:17; 44:21-45:9; 67:22-68:7. |
| Michael Caporusso | 27:14-28:6; 31:16-32:12; 42:16-21; 49:2-50:8; 51:14-17; 65:23-66:16; 67:21-122:13; 165:22-9. |
| Christopher Maltman | 53:14-54:10; 57:5-58:13; 64:5-65:15;; 149:16-151:11; 1; 153:20-154:12; 167:12-168:3; 171:11-172:2; 218:12-21; 220:2-221:6; 222:17-223:5; 237:5-15; 263:10-18; 263:24-264:6; 264:21-265:14; 267:6-24; 302:2-6. |

Defendants object to Stephanie Herrmann's deposition designations from the Parker case as irrelevant to the claims in this case and specific to Ms. Parker's separate action. Defendants have filed a motion *in limine* to exclude any reference to the Parker matter.

Defendants' Designations

Defendants intend to rely on the deposition testimony of Adam Gecht on its case in chief. The following are the excerpts Defendants intend to submit to the jury:

| Deponent | Transcript Designation |
|---|---|
| Adam Gecht | 6:9–19; 17:17–18:14; 21:10–22; 27:18–25; 55:17–20; 60:21–25; 61:12–62:22; 87:24–88:14; 95:21–96:9; 100:3–101:13; 102:6–24; 106:23–108:11; 117:2–118:22. |

Plaintiff objects to these designations as they strictly constitute hearsay with no applicable exception. To the extent Defendants seek to elicit Gecht's testimony, they must do so by presenting him as a witness at trial.

**X.    Exhibit Lists**

**Joint Exhibits (Liability)**

| No. | Bates | Description |
|---|---|---|
| J1 | D 196 | Mar. 24, 2019 email from Maltman to Taveras |
| J2 | D 102-03 | June 14, 2019 Maltman Record of Discussion ("ROD") |
| J3 | D 174-76 | Sept. 10, 2019 email from Maltman to Taveras, Avellan, Caporusso |
| J4 | D 285-86 | Sept. 27, 2019 email from Kwon to Gecht |
| J5 | D 289-93, 305-11 | Dec. 2018 – Aug. 2019 manager schedules |
| J6 | D 242-48 | Dec. 2, 2018 – Sept. 24, 2019 Europe card swipes |

**Plaintiff's Exhibits (Liability)**

| No. | Bates | Description | Objections |
|---|---|---|---|
| P1 | D 167 | May 7, 2019 email from Maltman to Taveras | ** |
| P2 | D 294-95 | June 6, 2019 text message exchange between Maltman and Taveras | ** |
| P3 | RE 15-17, D161 | June 7, 2019 email exchanges between Europe, Herrmann, Faerman, Taveras, and Avellan | * |
| P4 | D 287-88 | June 7, 2019 text message exchange between Maltman and Caporusso | * |
| P5 | -- | Excerpts of Maltman Deposition Testimony (264-65) | * |
| P6 | -- | Excerpts of Caporusso Deposition Testimony (67-69, 74-76) | * |
| P7 | RE 358, 532-35 | Star Trek: The Original Series (video clip and transcript) | * |
| P8 | D 297-98 | June 10, 2019 emails from Maltman to Taveras | ** |
| P9 | D 299 | June 10, 2019 email from Maltman to Taveras | ** |
| P10 | D 296, 304 | June 5-11, 2019 text messages between Maltman and Donald Tagorda | * |
| P11 | D 300 | June 23, 2019 email from Maltman to Taveras | ** |
| P12 | D 301 | June 25, 2019 email from Maltman to Taveras | ** |
| P13 | D 141-43 | Feb. 5, 2020 People Services Case Report | * |
| P14 | D 10-11 | Apr. 15, 2019 Europe ROD (redacted) | * |
| P15 | D 107-11 | June 7, 2019 email exchange between Europe, Caporusso, Gecht, and Herrmann (redacted) | ** |
| P16 | R-RE 18-20 | June 10, 2019 email exchange between Europe and Herrmann | ** |
| P17 | D 12-13 | June 5, 2019 Europe Final ROD (redacted) | * |
| P18 | D 331-34 | June 8, 2019 email exchange between Europe, Gecht, and Caporusso | ** |
| P19 | D 14 | Sept. 24, 2019 ROIS (redacted) | * |
| P20 | RE 5-8 | Sept. 24 to 25, 2019 email exchange between Europe and Kwon | * |
| P21 | D 203-78 | Manager access card swipes | ** |

**Defendants' Exhibits**

Defendants anticipate introducing the following exhibits during their case-in-chief. Defendants reserve the right to amend this list of exhibits, whether through addition, subtraction, or changes to the list, prior to trial. Defendants also reserve the right to use any of the exhibits identified by Plaintiff, or any exhibits needed for rebuttal.

| No. | Bates | Description | Objections |
|---|---|---|---|
| D1 | D 38-55 | Equinox employee handbook | * |
| D2 | D 335-54 | Investigation documents | * |
| D3 | D 104-06 | Equinox New Member Packet | |

| D4 | D 1-2 | Dec. 17, 2018 letter to Europe | ** |
| D5 | D 8-9 | Feb. 13, 2019 email from Taveras to Europe | * |
| D6 | D 328-30 | Feb. 18, 2019 email from Europe to Caporusso | ** |
| D7 | D 195 | Mar. 4, 2019 email from Alioune Sow to Taveras | |
| D8 | D 3-7 | Europe 2018 performance review | ** |
| D9 | D 99 | Apr. 2, 2019 email from Gecht to Taveras | |
| D10 | D 180-82 | Mar. 31, 2019 email from Europe to Taveras | * |
| D11 | D 164-66 | Apr. 12, 2019 email from Rodriguez to Europe | * |
| D12 | D 10-11 | Apr. 15, 2019 ROD (unredacted) | * |
| D13 | D 36-37 | May 29, 2019 email from Taveras to Herrmann | * |
| D14 | D 312-13 | May 29, 2019 unsigned ROD | |
| D15 | D 107-11 | June 7, 2019 email exchange between Europe, Caporusso, Gecht, and Herrmann (unredacted) | * |
| D16 | D 12-13 | June 5, 2019 ROD (unredacted) | * |
| D17 | D 112-13 | June 11, 2019 Faerman ROD | * |
| D18 | D 100-01 | June 14, 2019 Taveras ROD | |
| D19 | D 127-28 | July 15, 2019 People Services Investigation Report ("IR") | * |
| D20 | D 280-84 | Sept. 25, 2019 email from Kwon to Taveras | * |
| D21 | D 320-23 | Sept. 24, 2019 email exchange between Taveras, Avellan, Gecht, and Kwon | * |
| D22 | D 14 | ROIS (unredacted) | * |
| D23 | D 124-26 | June 4, 2019 IR | * |

**Damages Exhibits** (Joint, Plaintiff)

| J7 | RE 295-97 | Europe 2019 W-2 form | |
| J8 | RE 298-300 | Europe 2020 W-2 form | |
| P22 | 35-145, 301-21, 366-524[1] | Europe medical records | * |
| P23 | RE 357, 536-52 | Bloomberg: Equinox Group Executive Chairman Harvey Spevak on Gym Growth (video and transcript) | * |

**SO ORDERED.**

_____
**Hon. John G. Koeltl, U.S.D.J.**

**Dated:_____, 2023**
   **New York, New York**

---

[1] Plaintiff has filed a motion *in limine* to exclude her pre-employment medical records based on the eggshell-skull doctrine. In the event her motion is granted, she will withdraw a portion of this exhibit (Bates RE 77-100).