UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBYNN EUROPE,

Plaintiff,

-against-

EQUINOX HOLDINGS, INC. d/b/a EQUINOX
FITNESS CLUB, EQUINOX EAST 92nd
STREET, INC.,

Defendants.

Case No.: 1:20-cv-07787 (JGK)(KHP)

## THE PARTIES' PROPOSED CHARGES TO THE JURY

Plaintiff Robynn Europe and Defendants Equinox Holdings, Inc. d/b/a Equinox Fitness Club and Equinox East 92nd Street, Inc. (collectively, "Equinox"), by and through their undersigned counsel, request that the jury in this matter be charged in the form attached, and marked as The Parties' Request to Charge Nos. 1 through 26, inclusive, as if each paragraph were a separate request and a separate charge; for those Charges in which the parties propose differing versions, both versions are respectfully submitted herein.

Plaintiff requests that the jury be charged in the form marked as Plaintiff's Request to Charge, Nos. 1 through 8, inclusive, as if each paragraph were a separate request and a separate charge. Defendants object to these charges.

Defendants request that the jury be charged in the form marked as Defendants' Request to Charge, Nos. 1 through 4, inclusive, as if each paragraph were a separate request and a separate charge. Plaintiff objects to these charges.

Each Party reserves their respective rights to modify, amend or supplement its proposed jury charges in accordance with the rules of the Court.

**THE PARTIES' REQUEST TO CHARGE NO. 1:**
**PRELIMINARY INSTRUCTIONS BEFORE TRIAL - DUTY OF JURORS**

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have to better understand what will be presented before you and how you should conduct yourself during trial.

The party who brings a lawsuit is called the plaintiff. In this action the plaintiff is Robynn Europe. The parties against whom the suit is brought are called the Defendants. In this action the Defendants are Equinox Holdings, Inc. d/b/a Equinox Fitness Club, and Equinox East 92nd Street, Inc., which together will be referred to as Equinox.

Ms. Europe has brought claims against Equinox upon which you will be asked to return a verdict. After all the evidence is presented during trial, you will be given specific instructions on the law relating to Ms. Europe's claims which you must apply to the facts as you determine them. By your verdict, you will decide disputed issues of fact. The Court will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, the Court will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that the Court will instruct you at the end of the trial concerning the manner in which you should determine the credibility or lack of credibility of each witness and the weight to be given to their testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers and my instructions to you on the applicable

law. While the trial is in process, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial, the Court may be called upon to make rulings of law on objections or motions made by the parties. It is the duty of the attorneys, on each side of a case, to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. If the Court sustains an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing in regard to questions of law or procedure that require consideration by the Court alone. On some occasions, you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it will be given to you and reach a just verdict, regardless of the consequences.

Source:        O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §101.01 (5th ed. 2000) (modified).

**THE PARTIES' REQUEST TO CHARGE NO. 2:**
**PRELIMINARY INSTRUCTIONS BEFORE TRIAL - THE ORDER OF THE CASE**

The case will proceed in the following order:

First, Plaintiff will make an opening statement outlining her case. Immediately after Plaintiff's statement, Defendants will make an opening statement outlining their case. What is said in opening statements is not evidence, but is simply designed to provide you with an introduction as to the evidence that the parties intend to produce.

Second, Plaintiff will introduce evidence in support of her claims. At the conclusion of Plaintiff's case, the Defendants may introduce evidence as part of their case. The Defendants, however, are not obligated to introduce any evidence or to call any witnesses. If the Defendants introduce evidence, Plaintiff may then introduce rebuttal evidence, but is not obligated to. The Parties may also introduce evidence through the each other's witnesses to save time and move the case along.

Third, the parties may present closing arguments to you as to what they consider the evidence has shown and as to the inferences that they contend you should draw from the evidence. What is said in closing arguments, just as what is said in opening statements, is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. Because Plaintiff has the burden of proof, Plaintiff has the right to make the first opening statement and the last closing argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.


Source:     O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §101.02 (5th ed. 2000) (modified).

**THE PARTIES' REQUEST TO CHARGE NO. 3:**
**BEFORE AND AFTER TRIAL – EVIDENCE IN THE CASE**

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence. By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection. Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Source:          Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 74.14 (modified).

**THE PARTIES' REQUEST TO CHARGE NO. 4:**
**DEPOSITIONS**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.


Source:       Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 74.14
              (modified).

**THE PARTIES' REQUEST TO CHARGE NO. 5:**
**REDACTIONS**

You may notice that there are portions of certain documents that have been blacked out.

If an exhibit is partially blacked out, it is simply because only part of the exhibit is to be

considered – not because either side has done anything wrong or has anything to hide. You

should not draw any conclusions or make any inferences against either side based on these

markings.

**THE PARTIES' REQUEST TO CHARGE NO. 6:**
**PRELIMINARY INSTRUCTIONS AFTER TRIAL - DUTIES OF JURORS**

Members of the jury, now that the evidence is in and counsel have summed up their contentions, the time has come for us to perform our respective functions in the administration of justice in this case.

As I stated to you at the outset, it is my duty to instruct you as to the principles of law to be followed, and it is your duty to accept those instructions as they are given by the Court and apply them to the evidence in this case. In performing your function, you should not single out any one instruction as stating the law, but, rather, should consider these instructions as a whole.

The instructions to you will consist of three sections. First, I will give you some general instructions applicable in every case. Second, I will instruct you regarding the specific issues that will need to be decided by you in this case relating to alleged discrimination. Finally, I will give you some instructions regarding the conduct of your deliberations. A copy of these instructions will be available for you in the jury room to consult if you find it necessary.

In defining the duties of the jury, let me first give you a few general rules:

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them to be from the evidence in the case.

The questions that you must decide will be submitted to you in the form of a special verdict consisting of specific questions for you to answer. You must answer these questions by applying the facts as you find them to be. I shall give to you the rules of the law that apply to these questions. You must apply them in arriving at your answers.

You are not to single out any one instruction alone as stating the law, but, instead, must consider the instructions as a whole. Nor are you to be concerned with the wisdom of any rule of law stated by me. You are obligated to follow the law.

8

Nothing I say in these instructions is to be taken as an indication that the Court has any opinion, one way or the other, about the facts of the case. It is not my function to determine the facts, but rather that is your function.

You must perform your duties as jurors without bias or prejudice as to any party. You must follow the law as I give it to you, whether you agree with it or not. The law does not permit you to be governed by sympathy, prejudice, or public opinion. You are to treat all parties equally. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

Source:    O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §103.01 (5th ed. 2000) (modified).

**THE PARTIES' REQUEST TO CHARGE NO. 7:**
**STATEMENTS BY THE COURT DO NOT CONSTITUTE EVIDENCE**

The law permits judges to comment to the jury on the evidence in the case. Such

comments are only the expression of the judge's opinion as to the facts. They are not evidence.

You may disregard them entirely, because you as jurors are the sole judges of the facts and are

not bound by my comments or opinions.


Source:        O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §103.33 (5th ed.
               2000) (modified).

**THE PARTIES' REQUEST TO CHARGE NO. 8:**
**RULINGS ON OBJECTIONS TO EVIDENCE**

During the trial the Court has been called upon to make rulings from time to time. The Court has sustained some objections, and has overruled others. Remember that it is the answer to a question that is evidence – not the question itself. You may not draw inferences against either side because of any objections that counsel may have made during the trial, or any arguments that counsel may have made, or the fact that it may have been necessary from time to time to engage in conferences at the side bar or to exclude you from the courtroom altogether. Under our system of justice, it is the function and duty of counsel to object to anything that they think is legally improper, and they would be remiss in their duty if they failed to do so.

If during the course of the trial from my rulings or facial expressions or questions that I put to the witnesses you got the impression that I personally have any views on the credibility of any witnesses, or on the weight to be given to their testimony, or to the proof, or to the merits of the case, please disregard it. Any questions which I may have put to witnesses during the course of the trial have been put to those witnesses only in an attempt to clarify issues that you might ultimately decide. It is not my intention to imply or express any opinion or any views to you with respect to the facts in the case, or the merits, or the credibility of any witness. That is your sole and exclusive function. Whatever my feelings may be in this matter with respect to the issues you will decide are completely immaterial and irrelevant.

Source:        Mathes, *Jury Instructions and Forms for Federal Rules*, 28 F.R.D. 401 §9.04 (1961).

**REQUEST TO CHARGE NO. 9:**
**CAUSATION AND PREPONDERANCE OF THE EVIDENCE**
**(PLAINTIFF'S PROPOSED VERSION)**

Plaintiff has the burden to prove her claims by a preponderance of the evidence. To establish a claim by a preponderance of the evidence simply means to prove that something is more likely so than not. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses; or the greater length of time taken by either side. It means the quality and persuasiveness of the evidence-- that is, the weight and the effect that the evidence has in your minds.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

In a civil case, like this one, the evidence supporting Plaintiff's claims must appear to you as more accurately representing what actually took place, as compared to the evidence opposed to Plaintiff's claims. Plaintiff's burden is to prove just slightly more than simple equality of evidence. If it does, then you must resolve the question in favor of Plaintiff. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must resolve the question in favor of Defendants.

Plaintiff must prove the element at issue by a preponderance of the evidence. On the other hand, Plaintiff need prove no more than a preponderance. So long as the scales tip, however slightly, in Plaintiff's favor – that what Plaintiff claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

Source:    Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 73.02 (modified).

**REQUEST TO CHARGE NO. 9:**
**CAUSATION AND PREPONDERANCE OF THE EVIDENCE**
**(DEFENDANTS' PROPOSED VERSION)**

In this case, the burden of proving the case is on the Plaintiff, Ms. Europe. She must prove each and every essential element of her race and gender discrimination claims and her hostile work environment claims based on race and gender against each Defendant by a "preponderance of the evidence."

To "establish by a preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. A Party cannot almost prove her claims. She must prove every element by a preponderance of the evidence. Sympathy or assumptions cannot replace proof of evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. A "preponderance of the evidence" means the greater part of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase "preponderance of the evidence" refers to the quality of evidence - - the weight and effect it has on your mind.

If the proof does not establish any of the essential elements of Plaintiff's claims as they are defined below by a preponderance of the evidence in this case, you should find for the Defendants. If you find that the evidence weighs so evenly that you are unable to say that there is

a preponderance of evidence on either side, then Plaintiff has not proven her case by a

preponderance of the evidence and you must find for the Defendants.


Source:        O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §§171.60,
               171.61 (5th ed. 2001) (modified); Mathes, *Jury Instructions and Forms for
               Federal Rules*, 28 F.R.D. 401 §2.01 (1961); *Nissho-Iwai Co., Ltd. v. M/T Stolt
               Lion*, 719 F.2d 34, 38 (2d Cir. 1983); *Burka v. New York City Transit Auth.*, 739
               F. Supp. 814, 843, n.23 (S.D.N.Y. 1990).

**THE PARTIES' REQUEST TO CHARGE NO. 10:**
**"IF YOU FIND" OR "IF YOU DECIDE"**

When I say in these instructions that a party has the burden of proof on any proposition, or use of the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.


Source:        O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §104.04 (5th ed. 2000).

**REQUEST TO CHARGE NO. 11:**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**
**(PLAINTIFF'S PROPOSED VERSION)**

There are two types of evidence which you may properly use in reaching your verdict. One is direct evidence, such as the testimony of an eyewitness.

The other type of evidence you may use to reach your verdict is indirect or circumstantial evidence: evidence which tends to prove a disputed fact by proof of other facts.

To illustrate what I mean by circumstantial evidence, let me give you an example. Assume that when you entered the courthouse this morning the sun was shining brightly outside and it was a clear day. In the courtroom, however, the shades are drawn, and you cannot see outside. As the trial progresses, people start entering the courtroom wearing raincoats and carrying dripping umbrellas. From these facts, you might reasonably infer that it has begun to rain, even though you cannot see out the window and do not know by direct observation or evidence that it is raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is important to keep in mind that the plaintiff is not required to present *any* direct evidence in order to prevail on her claims. Direct evidence of discrimination is hard to find, because an employer who discriminates is unlikely to leave a "smoking gun," which directly proves a discriminatory motive. Therefore, a plaintiff such as Ms. Europe is seldom able to prove her claim by direct evidence, and is not required to do so. Instead, plaintiffs such as Ms. Europe usually must build their cases from indirect evidence and pieces of circumstantial evidence which undercut the credibility of the various testimony offered by the employer.

Therefore, you may consider circumstantial evidence such as the testimony and evidence offered by other employees, evidence relating to company-wide practices that may reveal patterns of discrimination against a group of employees, and other indirect evidence of discriminatory or retaliatory motive. Similarly, direct proof concerning state of mind is often not available and Ms. Europe is not required to produce it.

Sources:    Sand, *et al*, *Modern Federal Jury Instructions*, §74-2 (2001) (modified); *Desert Palace, Inc. v. Costa, 539* U.S. 90, 100·101 (2003); *Chambers v. TRM Copy Centers Corporation,* 43 F.3d 29,37 (2d Cir. 1994), *Disterv, Continental Group*, 859 F.2d 1108, 1114-15 (2d Cir. 1988).

**REQUEST TO CHARGE NO. 11:**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**
**(DEFENDANTS' PROPOSED VERSION)**

There are two types of evidence which you may properly use in reaching your verdict. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence: evidence which tends to prove a disputed fact by proof of other facts.

To illustrate what I mean by circumstantial evidence, let me give you an example. Assume that when you entered the courthouse this morning the sun was shining brightly outside and it was a clear day. In the courtroom, however, the shades are drawn, and you cannot see outside. As the trial progresses, people start entering the courtroom wearing raincoats and carrying dripping umbrellas. From these facts, you might reasonably infer that it has begun to rain, even though you cannot see out the window and do not know by direct observation or evidence that it is raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Having told you that the law recognizes both direct and circumstantial evidence, let me also instruct you that the law makes no distinction between the weight to be given to either direct or circumstantial evidence.

As I said before, which of the admitted evidence you will accept as authoritative is up to you. But you may consider only what has been admitted as evidence in this trial – things that the Court has ruled inadmissible may not be considered. And, of course, it is for you to interpret the evidence

Source:        4 L. Sand, *et al*, *Modern Federal Jury Instructions*, §74-2 (2001) (modified).

**REQUEST TO CHARGE NO. 12:**
**EVALUATION OF TESTIMONY - CREDIBILITY OF WITNESS**
**(PLAINTIFF'S PROPOSED VERSION)**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in their testimony. You are the sole judges of the credibility of each witness and of the importance of their testimony.

You are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by each side. Both sides cannot be true, and this is where you play your role as jurors. You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness appear; what was his or her demeanor—that is, his or her behavior, bearing, manner, and appearance while testifying? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. It is your duty to consider whether the witness has permitted any such bias or interest to tailor his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

If you find that any witness has testified falsely with respect to a material fact in the case, you may, but you are not required to, disregard his entire testimony. Or, in your discretion, you may choose to follow that which you believe is true, and reject the balance. It is entirely within your discretion to weigh it, to determine the weight to be given to the testimony and to judge the credibility of the witness.

Source:     4-76 Modern Federal Jury Instructions—Civil, ¶ 76.01 (Matthew Bender) (modified).

## REQUEST TO CHARGE NO. 12:
## EVALUATION OF TESTIMONY - CREDIBILITY OF WITNESS
## (DEFENDANTS' PROPOSED VERSION)

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, and demeanor or manner while on the stand. Ask yourself, what does this witness stand to gain or lose. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness as much weight, if any, as you may think it deserves. In short, you may accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Source:        O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §105.01 (5th ed. 2000) (modified).

**THE PARTIES' REQUEST TO CHARGE NO. 13:**
**IMPEACHMENT - INCONSISTENT STATEMENTS OR CONDUCT**

The testimony of a witness may be discredited or impeached by contradictory evidence or showing that he or she previously made statements which are inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. That is for you, the jury to decide.

The testimony of a witness may also be discredited or impeached if a witness is shown to have knowingly omitted, or left out, a relevant fact in their testimony. An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. You have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

Source:        O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §105.04 (5th ed. 2000) (modified).

**REQUEST TO CHARGE NO. 14:**
**ISSUES - IN GENERAL**
**(PLAINTIFF'S PROPOSED VERSION)**

Röbynn Europe, the plaintiff in this action, alleges that Equinox subjected her to a hostile work environment, in which she was treated less well than she would otherwise have been on the basis of her race and gender. She also alleges that her race and gender were factors in Equinox's decision to fire her. If Ms. Europe proves her claims, by a preponderance of evidence, then you must find in her favor. If Ms. Europe fails to prove, by a preponderance of the evidence, any element of her claim, then you must find in Equinox's favor.

Equinox denies that Ms. Europe was discriminated against, and alleges that her termination was based on legitimate business reasons.

Sources:        Plaintiff's Complaint; Defendants' Answer.

**REQUEST TO CHARGE NO. 14**
**ISSUES - IN GENERAL**
**(DEFENDANTS' PROPOSED VERSION)**

I am going to briefly state the contentions of the respective parties. In stating these contentions, I express no opinion of the facts, because you are the sole judges of the facts. If I should inaccurately or insufficiently state any particular fact in this case, then you are to disregard that, as you alone are the judges of the facts. You will consider all the facts, the testimony from the stand, the physical facts and all legitimate inferences.

Röbynn Europe, the plaintiff in this action, alleges that Equinox subjected her to a hostile work environment on the basis of her race and gender. She also alleges that she was discriminated against based on her race and gender when she was terminated by Equinox. Plaintiff fails to prove any of her claims if she fails to prove any element or part thereof. You must answer the verdict questions, which will be provided to you at the conclusion of these instructions, as to Plaintiff's claims. Those questions ask whether Plaintiff actually has proven each of her claims by a preponderance of the evidence.

The Defendants deny that Plaintiff was discriminated against or subjected to a hostile work environment based on her race or gender. The Defendants allege that they have policies and procedures to address alleged harassment, yet Plaintiff failed to promptly raise complaints to the Company, and when Plaintiff eventually did complain to the Defendants about any issues or concerns, the Defendants investigated her complaints and took appropriate action. The Company also denies taking any adverse action against Plaintiff in retaliation for making any complaint of discrimination or harassment and that her termination was based on legitimate business reasons.

Sources:    Plaintiff's Complaint; Defendants' Answer; O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §170.01 (5th ed. 2001) (modified); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742 (1993); *Texas Dep't of*

*Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089 (1981); *Dister v. Continental Group, Inc.*, 859 F.2d 1108 (2d Cir. 1988).

**REQUEST TO CHARGE NO. 15:**
**RACE AND SEX DISCRIMINATION CLAIMS**
**(PLAINTIFF'S PROPOSED VERSION)**

All of Ms. Europe's claims in this case are brought under the New York City Human Rights Law, which prohibits employers from treating their employees "less well" as a result of race and gender. The New York City law is designed to be construed "liberally for the accomplishment of [its] uniquely broad and remedial purposes." Any similarly worded state or federal laws with which you might be familiar should be regarded as "as a floor below which the NYCHRL cannot fall, rather than a ceiling above which the local law cannot rise." The provisions of the NYCHRL should be construed broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible.

The law prohibits employers from discriminating against their employees based on sex or race. In this case, Ms. Europe claims that Equinox fired her, at least in part, because of her race and/or sex. In order to recover, she must prove by a preponderance of the evidence that her race or sex was a factor in her termination. She does not need to prove that her race or gender were the only reasons for her termination – only that they made a difference in Equinox's decision. Nor is Ms. Europe required to produce direct evidence that Equinox discriminated against her. Discrimination is rarely admitted and may be inferred from the existence of other facts.

Equinox has provided evidence that Ms. Europe was fired because of her failure to swipe in. Ms. Europe claims that is not the real reason. Ms. Europe has the burden of establishing by a preponderance of the evidence that the reason offered by Equinox was not the real reason she was fired. If you find that Ms. Europe's race or sex played any role in the decision then you must find in her favor. Note that it is not necessary for Ms. Europe to show that all other Black

employees, or that all other female employees, were also discriminated against. The question is whether Ms. Europe herself experienced discrimination.

If you find that Equinox established and complied fully with its own anti-discrimination policies in this case, and that it also had a record of no, or relatively few, prior incidents by an individual offender, then you may consider that in your assessment. If you find that Equinox has given an implausible or unconvincing explanation for its conduct, you may consider that fact itself as circumstantial evidence of discriminatory intent.

Source:        N.Y. Pattern Jury Instruction – Civil Division 9:2.

**DEFENDANTS' REQUEST TO CHARGE NO. 15:**
**RACE AND GENDER DISCRIMINATION CLAIMS**
**(DEFENDANTS' PROPOSED VERSION)**

In order for Plaintiff to establish her claims against Defendants for discrimination based on race and gender, Plaintiff has the burden of proving by a preponderance of the evidence that Defendants had a discriminatory purpose or motive in that Defendant's actions were, more likely than not, motivated by Plaintiff's race or gender.

In order for Plaintiff to recover on Plaintiff's claim against Defendants, Plaintiff must prove that Defendants intentionally discriminated against Plaintiff. That is, Plaintiff's race and gender must be proven to have been a motivating factor in Defendants' decision to terminate Plaintiff.

Direct evidence would include statements showing a discriminatory motivation for the Defendants' treatment of the Plaintiff. Indirect or circumstantial evidence would include proof of a set of circumstances sufficient to create a reasonable inference that race was a motivating factor in the Defendants' treatment of Plaintiff.

Your verdict must be for the Plaintiff and against the Defendants if Plaintiff has proven each of the following elements by a preponderance of the evidence:

**First**, Defendants terminated Plaintiff, a point which is not disputed.

**Second**, that Plaintiff's race and gender was a motivating or determining factor in Defendants' decision to terminate Plaintiff. The mere fact that Plaintiff is black and a female is not sufficient, in and of itself, to establish Plaintiff's claim under the law.

Motivating factor means that the evidence must show that but for Plaintiff's race and gender, Defendants would not have terminated Plaintiff. Motivating factor does not mean it was the only motivation for Defendants' decision to terminate Plaintiff. However, Plaintiff's race and

gender must have been a determining factor that actually led to the decision. Defendants maintain that even if race and gender were a motivating factor in the termination decision, Defendants would have taken the same action concerning Plaintiff in the absence of unlawful motive. If you find that Defendants would have, more likely than not, made the same decision to terminate Plaintiff, regardless of her race and gender, then you must find for the Defendants.

You must also consider any legitimate, nondiscriminatory reason or explanation provided by Defendants for its termination decision. If you determine Defendants have stated such a reason, you must find for Defendants unless Plaintiff has proven by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for Defendants discriminating against Plaintiff because of Plaintiff's race and gender.

Source:        New York Pattern Jury Instruction 9:1 and 9:2.

**REQUEST TO CHARGE NO. 16:**
**HOSTILE WORK ENVIRONMENT UNDER**
**NEW YORK CITY HUMAN RIGHTS LAW**
**(PLAINTIFF'S PROPOSED VERSION)**

As you have heard, Ms. Europe has claims to recover damages arising from a hostile work environment at Equinox. The law prohibits employment discrimination based on race or sex. In this case, Ms. Europe claims that she was subjected to a hostile work environment and treated less well than other employees because she is a Black woman. Additionally, Ms. Europe claims that Mr. Maltman was exercising managerial or supervisory responsibilities at Ms. Europe's workplace, and that Equinox knew of his conduct and accepted it. Equinox denies that Ms. Europe was treated less well than other employees because she is a Black woman.

To recover on her claims, Ms. Europe must prove, by a preponderance of the evidence,

(1)     that the racist and/or sexist conduct actually occurred and was unwanted,

(2)     that Ms. Europe was subjected to the conduct because she is a Black woman;

(3)     that a reasonable person would consider that she was being treated less well than other employees under the circumstances; and

(4)     that she actually considered that she was being treated less well because she is a Black woman.

You must find all of the above factors to have been met for Ms. Europe to prevail. If you find any of the above factors were not met, then Equinox must prevail.

For Equinox to be liable for Mr. Maltman's conduct, Ms. Europe must also establish any one or more of the following, by a preponderance of the evidence:

(1)     Mr. Maltman was a manager or supervisor at Equinox; or

(2)     Equinox knew of Mr. Maltman's conduct and either accepted it or failed to take immediate, appropriate corrective action; or

(3)    That Equinox should have known of his conduct and failed to exercise reasonable

diligence to prevent it.

If you find any of the above three factors to have been met, then Equinox is liable for Mr.

Maltman's conduct. If you find none of the above three factors to have been met, then Equinox is

not liable for Mr. Maltman's conduct.

Source:    N.Y. Pattern Jury Instruction – Civil Division 9:5 and 9:5A.

**REQUEST TO CHARGE NO. 16**
**HOSTILE WORK ENVIRONMENT UNDER**
**NEW YORK CITY HUMAN RIGHTS LAW**
**(DEFENDANTS' PROPOSED VERSION)**

Plaintiff alleges a hostile work environment under the New York City Human Rights Law. The New York City Human Rights Law provides in relevant part: "It shall be an unlawful discriminatory practice . . . for an employer . . . because of the actual or perceived . . . sexual orientation . . . of any person, to . . . discriminate against such person in compensation or in terms, conditions, or privileges of employment." To prevail on a claim for hostile work environment under the New York City Human Rights Law, Plaintiff must prove six elements by a preponderance of the evidence. Plaintiff must prove all six; if Plaintiff cannot prove even only one of the elements, you must render judgment in favor of Equinox.

**First**, Plaintiff must prove that she was a member of a protected class and that her co-workers believed that Plaintiff was a member of that protected class. As I noted above, the parties here have stipulated that Plaintiff is a member of a protected class based on her gender and race.

**Second**, Plaintiff must prove that she was subjected to discriminatory comments, either through words or actions, based on her membership in that protected class.

**Third**, that the conduct was unwelcome.

**Fourth**, that a reasonable person would consider that she was treated less well than other employees by Equinox because of her protected class.

**Fifth**, that Plaintiff actually believed that she was treated less well by Equinox because Plaintiff was a member of a protected class.

**Sixth**, Plaintiff must prove that there is a specific basis for imputing any comments or remarks that created the hostile work environment to Equinox. Plaintiff must prove that Equinox knew of the hostile work environment based on Plaintiff's race and gender and either accepted it or failed to take immediate and appropriate corrective action. A company is deemed to have knowledge of an employee's discriminatory conduct where an individual of that company who exercised managerial or supervisory responsibility knew of the discriminatory conduct at a point when the company could have taken action to prevent it, but did not do so. Equinox maintains that Plaintiff was not treated less well under the circumstances and that it investigated and took appropriate action when Plaintiff complained

If you find Plaintiff failed to prove any of the above six elements by a preponderance of the evidence, you must find in favor of Equinox as to Plaintiff's hostile work environment claim under New York City law.

Source:    New York Pattern Jury Instruction 9:5A; *Williams v. New York City Housing Authority*, 61 A.D.3d 62, 76, 872 N.Y.S.2d 27, 38 (1st Dep't 2009); *Loeffler v. Staten Island Univ. Hosp.,* 582 F.3d 268, 279 (2d Cir. 2009).

**NOTE: PROPOSED CHARGES 17 THROUGH 21 PERTAIN TO THE SECOND PHASE ON DAMAGES.**

**REQUEST TO CHARGE NO. 17:**
**DAMAGES - BURDEN OF PROOF**
**(PLAINTIFF'S PROPOSED VERSION)**

Now that you have returned a verdict for Plaintiff, you must decide the issue of general compensatory damages.

You may award Plaintiff a sum of money you believe will justly and fairly compensate her for any injury you believe she suffered as a direct result of the defendants' conduct.

You must award Plaintiff damages to compensate her for any damages she has proven by a preponderance of the evidence to be a direct result of the defendants' conduct.

Compensatory damages can be inferred from the circumstances presented to you by the evidence, or they can be proven by testimony going solely to the issue of damages.

In the determination of the amount of the award it will often be impossible for you to arrive at a precise award. For example, compensatory damages are available for emotional distress and humiliation under the New York City Human Rights Law. It is difficult to arrive at a precise evaluation of actual damage for emotional harm. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence. There must be evidence presented at trial to support your award of general compensatory damages, for an award cannot be based on speculation or sympathy on your part.

If the plaintiff proved that the injury she suffered extends into the future because she will be denied future economic opportunities because of the Defendants' discriminatory actions, then the damages you award may compensate her for that loss.

Source:          Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 87.33 (modified)

**REQUEST TO CHARGE NO. 17:**
**DAMAGES - BURDEN OF PROOF**
**(DEFENDANTS' PROPOSED VERSION)**

The burden of proof to show that damages were sustained by Plaintiff is on Plaintiff as to her discrimination and hostile work environment claims. Plaintiff must prove the damages that she sustained and the amount of any such damages by a preponderance of the evidence. Damages cannot be speculative; they must be reasonable and proven based upon the evidence before you.

If you find Defendants violated Plaintiff's rights by creating discriminating against her based on her race and gender or created a hostile work environment based on her race or gender, or both, then you must determine an amount, if any, that is fair compensation for Plaintiff's damages as to each Defendant and as to each claim. You may award compensatory damages only for injuries that Plaintiff proves by a preponderance of the evidence were directly and proximately caused by each of the Defendants' individual allegedly wrongful conduct. The damages that you award must be fair compensation - no more and no less.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Source:    1 L. Sand, *et al.,* Modern Federal Jury Instructions. *See also* O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §171.62 (5th ed. 2001) (modified); *Greenway v. Buffalo Hilton Hotel,* 143 F.3d 47 (2d Cir. 1998).

**REQUEST TO CHARGE NO. 18:**
**ECONOMIC DAMAGES – CAUSATION**
**(PLAINTIFF'S PROPOSED VERSION)**

"Economic Damages" are the damages directly related to lost or reduced income, wages and other compensation that Ms. Europe may be entitled to recover from Equinox. In determining economic damages, you will consider her damages up to the date of the trial. Ms. Europe is entitled to recover an amount that will fairly and adequately compensate her for any damages sustained; you may award as economic damages an amount that reasonably compensates her for any lost wages and benefits, including interest on the delay in payment.

Source:    Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 74.04 (modified).

**REQUEST TO CHARGE NO. 18:**
**ECONOMIC DAMAGES – CAUSATION**
**(DEFENDANTS' PROPOSED VERSION)**

I have said that you may award damages only for those injuries which you find Plaintiff

has proven by a preponderance of evidence to have been the direct result of conduct by the

Defendants in violation of the law. Therefore, even if you find for Plaintiff, you must ask

whether Plaintiff has proven by a preponderance of the evidence that the discrimination alleged

caused the damages that Plaintiff claims to have suffered.

If you determine that Defendants discriminated against Plaintiff by terminating her due to

her race and gender, then you must determine the amount of economic damages Defendants'

actions have caused Plaintiff. You may award as actual damages an amount that reasonably

compensates Plaintiff for any lost wages and benefits, taking into account any increases in salary

or benefits that Plaintiff would have received had Plaintiff not been discriminated against.

Source:    O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §170.61 (5th ed. 2001) (modified). *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S. Ct. 568 (1977). *Broadnax v. City of New Haven,* 415 F.3d 265, 271 (2d Cir. 2005) (confirming that lost wages, whether in the form of front pay or back pay, should be determined by the Court rather than by the jury).

**REQUEST TO CHARGE NO. 19:**
**MITIGATION OF DAMAGES**
**(PLAINTIFF'S PROPOSED VERSION)**

As a defense, Equinox may claim that Ms. Europe's damages should be lessened because she failed to use reasonable diligence to "mitigate," or minimize, her damages. If you find that Ms. Europe has suffered economic damages, Equinox is entitled to establish that she may not recover for damages that could have been avoided through reasonable effort. For example, if she unreasonably failed to take advantage of a job opportunity, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

It is Equinox's burden to prove that Ms. Europe failed to use reasonable diligence to mitigate her damages or that her damages reasonably could have been avoided. The question whether she acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, it does not require a plaintiff to incur unreasonable expense or pursue unreasonable job opportunities. For example, if after a diligent, but unsuccessful job search for a similar position, a plaintiff chose to enroll in school to forge a new career path, that is an adequate way to mitigate damages.

In deciding whether to reduce Ms. Europe's damages due to failure to mitigate, you must weigh all the evidence in light of her particular circumstances, using sound discretion in deciding whether Equinox satisfied its burden of proving that her conduct was not reasonable.

Sources:     Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 77.07 (modified); *Daily v. Societe Generale,* 108 F.3d 451, 457 (2d Cir.1997); *Williams v. Firequench, Inc.*, No. 21 Civ. 4112 (PAE) (JLC), 2022 WL 3571752, at *6 (S.D.N.Y. Aug. 19, 2022).

**REQUEST TO CHARGE NO. 19:**
**MITIGATION OF DAMAGES**
**(DEFENDANTS' PROPOSED VERSION)**

Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This is referred to as mitigation of damages. Defendants must prove that Plaintiff failed to mitigate Plaintiff's damages for loss of compensation.

If you determine that Plaintiff is entitled to back pay, you must reduce the loss by the following: (1) what Plaintiff actually earned in compensation since her termination, and (2) what Plaintiff could have earned by reasonable effort during the period from Plaintiff's discharge until the date of trial. Plaintiff must accept employment that is of a like nature. In determining whether employment is of a like nature, you may consider (1) the type of work, (2) the hours worked, (3) the compensation, (4) the job security, (5) the work conditions or (6) other conditions of employment.

You must decide whether Plaintiff acted reasonably in not seeking or accepting a particular job. If you determine Plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from Plaintiff's failure to seek other employment. You must not compensate Plaintiff for any portion of Plaintiff's loss of compensation resulting form Plaintiff's failure to make reasonable efforts to reduce Plaintiff's loss of compensation. While a Plaintiff who abandons her search for and returns to work and chooses to attend school instead generally does not meet her duty to mitigate damages during her time in school, a plaintiff who chooses to attend school only when diligent efforts to find work proved fruitless does meet her duty to mitigate.

Source:    O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §171.95 (5th ed. 2001) (modified); *Dailey v. Societe Generale,* 108 F. 3d 451, 458 n. 1 (2d Cir. 1997).

**REQUEST TO CHARGE NO. 20:**
**DISCRIMINATION - COMPENSATORY DAMAGES**
**(PLAINTIFF'S PROPOSED VERSION)**

**"Compensatory damages"** are not limited to Ms. Europe's actual loss of money as a result of her termination (her "economic damages"). Rather, they may also include both the emotional and physical aspects of the discrimination she suffered while employed at Equinox, up to and including her termination. You must render a verdict in a sum of money that will justly and fairly compensate Ms. Europe for all losses resulting from the discrimination she suffered. Compensatory damages (unlike punitive damages, below) may not be used as a punishment and must not be imposed or increased in order to penalize Equinox.

In assessing the dollar amount of damages to be awarded, there is no exact standard or precise mathematical calculation to be applied. Instead, you must award an amount that is fair and just in light of the evidence. You should consider Ms. Europe's emotional pain and mental anguish, as well as any monetary loss. You should also consider whether the discriminatory conduct was severe or widespread or persistent.

Emotional suffering may manifest itself through such things as, for example, sleeplessness, anxiety, stress, depression, mental strain, humiliation, loss of self-esteem, excessive fatigue, nervous breakdown, hair loss, ulcers, or headaches. This list does not include every example; you may find that other types of symptoms or manifestations also constitute emotional damages. No evidence of the monetary value of such intangible things as a damaged reputation or emotional suffering has been, or need be, introduced into evidence. This value is entirely up to you as a jury to decide.

Source:        N.Y. Pattern Jury Instruction – Civil Division 9:5A.1; *see also* EEOC
               Enforcement Guidance on Damages under CRA 91, No. 915.002, July 14, 1992.

**REQUEST TO CHARGE NO. 20:**
**DISCRIMINATION - COMPENSATORY DAMAGES**
**(DEFENDANTS' PROPOSED VERSION)**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from a defendant's violation of a plaintiff's rights. If you should find that Defendants are responsible for discriminating against Plaintiff because or her race and gender or subjecting Plaintiff to a hostile work environment based on her race and gender, then you must determine an amount that is fair compensation for Plaintiff's damages. These are called "compensatory damages."

Compensatory damages seek to make the Plaintiff whole – that is, to compensate her for the non-wage, non-economic damage she has allegedly suffered. Compensatory damages include damage for "non-economic loss" which encompasses emotional or psychological impacts that the Plaintiff has suffered because of the Defendants' alleged unlawful conduct.

You may award compensatory damages for pain and suffering only for injuries that Plaintiff proves by a preponderance of the evidence were caused by the Defendants. The damages that you award must be fair compensation, no more and no less. You may award Plaintiff only that amount of compensatory damage which will fairly and reasonably compensate her for the injuries she sustained as a result of each of the Defendant's alleged unlawful conduct.

I cannot give you a yardstick by which to measure the dollar value of pain or injury. There is no exact standard for fixing the compensation to be awarded for these elements of damage. You have heard the testimony about the non-economic losses Plaintiff claims to have sustained because of the alleged unlawful conduct. You will have to determine, based on your common sense and experience, that amount of money which will fairly and reasonably make her whole or compensate her for the damage, if any, she proves she sustained as a consequence of

the alleged unlawful acts that violated her rights. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of compensatory damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. Computing non-economic damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. In the event you find in favor of the Plaintiff on more than one claim or against more than one defendant, you cannot award additional damages.

You must also consider whether and to what extent Plaintiff's emotional distress was caused by a condition or situation that existed prior to the alleged discriminatory remarks or arose from events other than alleged hostile work environment or alleged retaliation. Plaintiff cannot recover for these.


Source:      O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §171.90 (5th ed. 2001) (modified); Modern Federal Jury Instructions (LEXIS), Chapter 88-29, Instruction 88A.05.

**REQUEST TO CHARGE NO. 21:**
**PUNITIVE DAMAGES**
**(PLAINTIFF'S PROPOSED VERSION)**

Unlike compensatory damages, punitive damages may be imposed to penalize Equinox. Ms. Europe is entitled to punitive damages if you find that Equinox's actions amounted to "willful or wanton negligence, or recklessness, or where there was a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard."

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the plaintiff individually, or toward all persons in the group or category of which she is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of Plaintiff.

An act or a failure to act is "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or misfortune of the plaintiff.

To the extent you seek to impose punitive damages on Equinox based on Maltman or any other employee's conduct, you must consider reducing the amount if you find that Equinox did *both* of the following things: (1) made a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit discrimination or retaliation in the workplace; *and* (2) made a good faith effort to enforce these policies and procedures.

Sources:     N.Y. Pattern Jury Instruction – Civil Division 9, Introductory Statement sections I and II; Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 77.01; N.Y.C. Admin. Code § 8-107 (13) (d)-(e); *Zakrzewska v. New School,* 14 N.Y.3d 469 (2010); *Tirschwell v TCW Group Inc.,* 194 A.D.3d 665 (1st Dept. 2021); Comment to N.Y. Pattern Jury Instruction 2:278; *Kolstad v. American Dental Association,* 527 U.S. 526 (1999); *Zarcone v. Perry,* 572 F.2d 52, 56-57 (2d Cir. 1978).

**REQUEST TO CHARGE NO. 21:**
**PUNITIVE DAMAGES**
**(DEFENDANTS' PROPOSED VERSION)**

In addition to the claims for damages already mentioned, if, and only if, you find for Plaintiff on the question of the liability, the law allows you, but does not require you, to award punitive damages under the law. Punitive damages are an extraordinary remedy, available only under aggravated circumstances, to penalize a party for engaging in notably reprehensible conduct. The law does not generally look with favor upon punitive damages. It is for you to determine whether such damages should be awarded, based on the instructions I am about to give you. The fact that I am instructing you on punitive damages is not any indication that you should, or must, award Plaintiff punitive damages.

In some cases, punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, a defendant may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for Plaintiff, and then further find from a preponderance of the evidence:

*First:* that a higher management official of Equinox personally acted with malice or reckless indifference to Plaintiff's federally protected rights; and

Second: that Equinox did not act in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

Plaintiff must prove that the actions of Defendants which proximately caused actual damage to Plaintiff were outrageously, maliciously, wantonly or oppressively done.

An act is regarded as outrageous if it is monstrous, heinous and atrocious and describes whatever is so flagrantly bad that one's sense of decency or power to suffer or tolerate is violated. An act is maliciously done if it is prompted or accompanied by ill will or spite or grudge toward Plaintiff.

An act is wantonly done if it is done in reckless or callous disregard of or indifference to the Plaintiffs rights.

An act is oppressively done if it is done in a way or manner which injures or damages or otherwise violates the Plaintiffs rights with unnecessary harshness or severity as by misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune.

You should bear in mind that such extraordinary damages may be awarded only if you unanimously find from a preponderance of the evidence that Defendants' acts which proximately caused actual damage to Plaintiff were outrageously, or maliciously or oppressively or wantonly done.

You should also bear in mind not only the conditions under which the law permits an award of punitive damages to be made, but also the requirement of law that the amount of such extraordinary damages, if awarded, must be fixed with calm discretion and sound reason and must never be either awarded or fixed in any amount because of any sympathy or bias or prejudice with regard to any party to the case. The amount of punitive damages must be in proportion to the evidence that Defendants' conduct was purposeful, or the damages will be found to be excessive. If you award punitive damages, they must be separately stated in your verdict.

However, even if Plaintiff satisfies all of these evidentiary burdens, you cannot award Plaintiff punitive damages if Defendants prove, by a preponderance of the evidence, that they: (1) acted in good faith attempt to comply with the law by adopting policies and procedures designed to prohibit discrimination or retaliation in the workplace; and (2) made a good faith effort to enforce these policies and procedures.

Sources:     O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.94 (Fifth Edition, 2001) (modified); *Kolstad v. American Dental Association,* 527 U.S. 526, 119 S.Ct. 2118 (1999); *Zarcone v. Perry,* 572 F.2d 52, 56-57 (2d Cir. 1978).

**THE PARTIES' REQUEST TO CHARGE NO. 22:**
**COURT HAS NO OPINION**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Source:        O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §106.07 (5th ed. 2000).

**THE PARTIES' REQUEST TO CHARGE NO. 23:**
**QUESTIONS FROM JURY**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note signed by your foreperson or by one or more members of the jury. The courtroom deputies should be given the note and he or she will deliver it to me. No member of the jury should attempt to communicate with the Court by means other than a signed note, and the Court will not communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open Court.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.


Source:         O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §106.08 (5th ed. 2000) (modified).

49

**THE PARTIES' REQUEST TO CHARGE NO. 24:**
**UNANIMOUS VERDICT**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Source:    O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §106.01 (5th ed. 2000) (modified).

**THE PARTIES' REQUEST TO CHARGE NO. 25:**
**JURY VERDICT FORM**

Before retiring to the jury room, one of you will be selected to act as the jury's

foreperson. The foreperson will preside over the deliberations, and will be your spokesperson

here in Court. A form of special verdict has been prepared for your convenience. You will take

these forms to the jury room. I direct your attention first to the form of special verdict.

[Read Jury Verdict Form.]

The answer to each question must be the unanimous answer of the jury. Your foreperson

will write the unanimous answer of the jury in the space provided under each question, and will

date and sign the special verdict, when completed.

Source:     O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, §106.07 (5th ed.
2000).

**THE PARTIES' REQUEST TO CHARGE NO. 26:**
**RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY;**
**COMMUNICATIONS WITH COURT**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony--in fact any communication with the court--should be made to me in writing, signed by your foreperson, and given to one of the marshals. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached. The court will not communicate with any member of the jury on any subject involving the merits of the case other than by writing or orally here in open court.

Source:        Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 78.01
                     (modified)

**Defendants object to the inclusion of Plaintiff's Requests to Charge, Nos. 1 through 8.**

## PLAINTIFF'S REQUEST TO CHARGE NO. 1:
## EQUINOX'S FAILURE TO PRESERVE EVIDENCE

Members of the jury, throughout these instructions, you will hear me repeat that you, the jury, are the sole fact-finders in this case. It is your duty alone to review and evaluate the evidence and determine what you accept as true. However, there is one important exception. One of the central disputes in this trial is whether Ms. Europe's lateness was the actual reason for the termination of her employment, as Equinox claims, or whether it was a pretext for discrimination, as Ms. Europe claims. Ms. Europe claims that her lateness was no worse than the other managers at her gym, which would evidence pretext by Equinox.

In advance of litigation, there is a sacrosanct duty by all litigants not to destroy evidence which could be relevant in a case and which could help you, the jury, determine the truth as to what happened. In this case, Equinox was required to, but did not, preserve certain evidence. Specifically, Equinox violated its obligations by failing to preserve the Manager Schedule for the month in which Ms. Europe was fired: September 2019. Because of that, it is now the case that you, the jury, now have no way of knowing the truth about how Ms. Europe's lateness compares to that of her colleagues for that month.

For that reason, I am instructing you that you may not find that any other manager's attendance was any better than Ms. Europe's for the month of September 2019. You may find that the other managers' attendance was the same as Ms. Europe's, or that it was worse than hers. But, if you find that Ms. Europe was late in the month of September 2019, you are required by law to also find that all of the other managers were either as late as she was, or more late than she was.

In other words, Equinox failed to preserve and produce certain evidence in this case, permanently depriving you, the jury, of the opportunity to assess that evidence. You are now required to find that the evidence could only have been either helpful to Ms. Europe or neutral, but you may not find, as a matter of law, that it could have been helpful to Equinox.

Source:        Dkt. No. 95 at pp. 16-18.

**PLAINTIFF'S REQUEST TO CHARGE NO. 2:**
**INFERENCE DEFINED**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when  different  inferences may be drawn from  facts, whether proved by direct  or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense  asks you to draw another.  It is for you and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence  is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw--but not required to draw--from  the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.


Source:         Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 75.01
                (modified)

**PLAINTIFF'S REQUEST TO CHARGE NO. 3:**
**STATEMENTS BY EUROPE FOR MEDICAL TREATMENT**

You have heard the testimony of Roopa Ramkumar, LMSW, and Nisreen Osseili, MHC-LP, Europe's therapists, concerning statements she made to them for the purpose of facilitating her medical or treatment. These statements included descriptions of Europe's medical history and symptoms. You may consider these statements as evidence of the facts stated. It is up to you, the jury, to decide what weight, if any, to give these statements, just as you would any other evidence.

Source:      Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 74.10
             (modified)

**PLAINTIFF'S REQUEST TO CHARGE NO. 4:**
**PRIOR PERJURY**

There has been evidence that a witness who testified at this trial previously lied under oath. I must warn you that the testimony of any witness whom you find did previously and deliberately lie under oath should be viewed cautiously and weighed with great care. It is, however, for you to decide how much of his testimony, if any, you wish to believe.

Source:      Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 76.08 (modified)

**PLAINTIFF'S REQUEST TO CHARGE NO. 5:**
**UNCALLED WITNESS NOT EQUALLY AVAILABLE**

You have heard evidence about two witnesses, Jose Taveras and Adam Gecht, who were not called to testify. Counsel for Europe has argued that these witnesses could have given material testimony in this case, and that Equinox was in the best position to produce them.

If you find that Taveras and/or Gecht could have been called as a witness by Equinox, and that Equinox was in the best position to produce these witnesses, and that they would have given important new testimony, then you are permitted, but not required, to infer that Taveras's and Gecht's testimony would have been unfavorable to Equinox.

In deciding whether to draw this inference, you should consider whether Taveras and Gecht would merely have repeated other testimony and evidence already before you. You may also consider whether Equinox had a reason for not calling these witnesses that was explained to your satisfaction.

Any inference you decide to draw should be based on all of the facts and circumstances in this case.

Source:    Bender, Matthew, 4-71 *Modern Federal Jury Instructions—Civil*, ¶ 75.03 (modified)

**PLAINTIFF'S REQUEST TO CHARGE NO. 6:**
**JUROR OATH**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

**PLAINTIFF'S REQUEST TO CHARGE NO. 7:**
**JUROR DUTY TO REPORT REFUSAL TO FOLLOW THE LAW**

During deliberations, if a juror is not following the law I have just given to you, the rest of you must make sure I am told.

## PLAINTIFF'S REQUEST TO CHARGE NO. 8:
### PRE-EXISTING CONDITION OF PLAINTIFF

A wrongdoer takes his victim as he finds her. This means that if a plaintiff is unusually

sensitive or has pre-existing psychological or financial conditions that make her more vulnerable

to the ill-effects of unlawful discrimination, then the defendant is responsible for any harm

proximately caused by his unlawful discrimination. This remains true even if someone else in

plaintiff's position would not have suffered as much as the plaintiff did.

Sources:    *Tobin v. Steisel,* 64 N.Y.2d 254, 259 (1985); *Brady v. Wal-Mart Stores, Inc.,* 455
F.Supp.2d 157, 197 (E.D.N.Y. 2006); *Jenson v. Eveleth Taconite Co.,* 130 F.3d
1287, 1294-95 (8th Cir. 1997); *Katt v. City of New York,* 151 F. Supp. 2d 313,
351, n.31 (S.D.N.Y. 2001) (Lynch, J.); *aff'd in relevant part sub nom. Krohn v.
New York City Police Dep't,* 60 F. App'x 357 (2d Cir. 2003); *Fink v. City of New
York,* 129 F.Supp.2d 511, 537 (E.D.N.Y. 2001).

**Plaintiff objects to the inclusion of Defendants' Requests to Charge, Nos. 1 through 4.**

### DEFENDANTS' REQUEST TO CHARGE NO. 1:
### ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Equinox is entitled to the same fair trial as a private individual. All persons, including companies like Equinox, stand equal before the law, and are to be dealt with as equals in a Court of justice. You should not decide that Equinox engaged in any wrongdoing because it is a Company instead of an individual or decide that monetary damages should be awarded because "the Company can afford it" or because people believe that companies act in a certain way. Ms. Europe must prove her case. All of the Parties are entitled to a fair trial.

Source:        O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §103.12 (5th ed. 2000) (modified).

**DEFENDANTS' REQUEST TO CHARGE NO. 2:**
**ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce, as exhibits, all papers and things in the evidence in the case.

Source:    O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §105.11 (5th ed. 2000).

**DEFENDANTS' REQUEST TO CHARGE NO. 3:**
**FIRST AFFIRMATIVE DEFENSE TO HOSTILE WORK ENVIRONMENT**
**UNDER THE NEW YORK CITY HUMAN RIGHTS LAW**

Even if you find that Plaintiff has proven all six of the elements of a hostile work environment under the New York City Human Rights Law, you must find in favor of Equinox if it proves by a preponderance of the evidence that a reasonable person would have considered the comments to be nothing more than petty slights or trivial inconveniences.

Source:      New York Pattern Jury Instruction 9:5A.

**DEFENDANTS' REQUEST TO CHARGE NO. 4:**
**SECOND AFFIRMATIVE DEFENSE TO HOSTILE WORK ENVIRONMENT UNDER**
**THE NEW YORK CITY HUMAN RIGHTS LAW**

Even if you find that Plaintiff has proven all six of the elements of a hostile work environment under the New York City Human Rights Law, you must find in favor of Equinox if it proves by a preponderance of the evidence that it had anti-discrimination policies, procedures, or programs and there were no or relatively few incidents of discriminatory conduct directed at Plaintiff by its employees.

Source:          New York Pattern Jury Instruction 9.5A; NYC Admin Code § 8-107(13).