UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBYNN EUROPE,<br><br>                                Plaintiff,<br>     -against-<br><br>EQUINOX HOLDINGS, INC. d/b/a EQUINOX FITNESS CLUB, EQUINOX EAST 92nd STREET, INC.,<br><br>                              Defendants. | Case No.: 1:20-cv-07787 (JGK)(KHP)<br><br>**VOIR DIRE** |

The parties respectfully submit the following proposed *voir dire* questions for the Court's use during in-court jury selection. The initial instructions and questions are proposed by Defendants and to which Plaintiff does not object. Plaintiff proposes the supplemental set of questions which follows thereafter. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such instances, to include an inquiry as to whether the particular fact or circumstance would affect the juror's ability to render a fair and impartial verdict, or influence the juror in favor of or against either the Plaintiff or the Defendants.

**PREPARATORY REMARKS**

I am now going to question the prospective jurors who are seated in the jury box concerning their qualifications to serve as jurors in this case. All members of the panel in the courtroom should pay close attention to my questions, making note of the answers you would give if these questions were put to you personally. If and when you are admitted to the jury box you will be asked to give your answers to these questions.

The process we are about to begin is known as *voir dire*, which can be translated roughly to mean "to speak the truth.: You should understand that although it is your duty as a citizen to serve on a jury, it is also your duty as a citizen to not serve on a jury if there is any reason whatsoever that you cannot do so impartially and in fairness to yourself or to the parties.

With respect to the questions that I will ask you, I want to emphasize that there are no right or wrong answers. This is not a test. I have no expectation from you as to what your answer ought to be. You should not feel in any way that you should give a certain answer that will be acceptable to me, to the attorneys representing each of the Parties, or to any others involved in this case.

What *voir dire* is all about is to get your honest, straightforward answers to these questions. I emphasize this because some of you may feel that there is a certain answer that the Court or the attorneys are looking for in answers to questions. This is not the case. There are no right or wrong answers. What is important is that you be as honest as you can in your responses. As I direct questions to you, you may notice the parties taking notes on your responses. The parties may also have a chart with your names listed in the proper seating order; this is done so they can remember who you are. During the course of this process, the parties may excuse certain jurors.

In order to learn what experiences you have had that may affect your evaluation of the evidence, at times I may ask you questions that could seem offensive or prying. I am not trying to make you feel uncomfortable or embarrassed. Rather, I am trying to assist the parties to the case in finding out more about you as jurors.

If, in answer to any of my questions or otherwise, there is any matter you would prefer to discuss with me privately, please say so, and the attorneys and I will hear from you outside of the courtroom.

**DEFENDANTS' VOIR DIRE QUESTIONS (NO OBJECTION FROM PLAINTIFF)**

1. Statement of the case:

    This case is brought by the Plaintiff Röbynn Europe against Defendants Equinox Holdings, Inc. and Equinox East 92nd Street, which will collectively be referred to as Equinox. Plaintiff alleges that she was discriminated against by Equinox and ultimately terminated based on her race and her gender. Equinox denies the allegations and maintains that Plaintiff's termination was based on legitimate reasons related to her lateness.

    a. Have any of you heard of this case before today? How? When?
    b. When you heard about it, did you form any opinion concerning the case?
    c. How do you think anything you heard or believe about the case could impact your opinions as a juror in this case?

2. The trial of this case will begin today, [DATE], and will end no later than [DATE]. The trial day will generally run from X:XX a.m. until X:XX p.m., though we may begin slightly earlier or go later if necessary to insure completion within the promised time frame. You will have at least an hour for lunch and two additional short breaks of 15-20 minutes, one in the morning and one in the afternoon.

    The Court views jury service to be one of the highest duties a citizen owes to the United States. Having a job, mere inconvenience or the usual hardship of jury service will not be sufficient to excuse a prospective juror. You must show extraordinary personal or financial hardship to be excused from service.

    Do any circumstances exist such that serving on the jury in this case could entail <u>serious</u> personal or financial hardship? If you would like to state your reasons outside the hearing of the other jurors and in the private presence of the attorneys and the Court only, please let us know by raising your hand.

3. Does anyone here have any difficulty reading, speaking, or understanding English?

4. As you heard when counsel introduced themselves, the lawyers for Robynn Europe are Hilary J. Orzick, Chloe Liederman and Susan Crumiller from the law firm of Crumiller P.C.. Does anyone here personally know, or do you, anyone close to you, or anyone in your household have any knowledge of, relationship, affiliation, employment or personal familiarity with any of the lawyers or law firm?

5. The lawyers for Equinox Holdings are Greg Riolo and Tracey Wallace from the law firm of Jackson Lewis P.C.. Does anyone here, anyone close to you, or anyone in your

        household personally know, have any knowledge of, relationship, affiliation, employment or personal familiarity with any of the lawyers or law firm?

6. Counsel will then introduce their client, including any party representative at counsel table. Does anyone here, anyone close to you, or anyone in your household personally know, have any knowledge of, relationship, affiliation, employment or personal familiarity with any of the party representatives?

7. The Plaintiff in this case is Ms. Robynn Europe.
   a. Is anyone here, anyone close to you, or anyone in your household (as far as you know) familiar with, personally know, or know of Ms. Europe?
   b. Is anyone leaning or likely to be favorable or sympathetic toward Ms. Europe simply because she is an individual suing her employer, a company?

8. The Company Defendants in this case are Equinox Holdings, which operates fitness clubs. and Equinox East 92nd Street, Inc., which operates the 92nd Street club. In this trial, we will be referring to both entities collectively as "Equinox."

   a. Does anyone here, anyone close to you, or anyone in your household personally know, have any knowledge of, relationship, affiliation, employment or personal familiarity with Equinox?
   b. Is or has anyone been a member of any Equinox gym?
      1. If so, how was your experience with the company and its employees?
   c. Does anyone here have any opinions, positive or negative, about Equinox?

9. The following people or entities are also involved in this case or may be called as witnesses in this case. Please raise your hand if you know any of these people:
   a. Röbynn Europe
   b. Rajeev Aluwahlia
   c. Adam Gecht
   d. Joseph Klein
   e. Christopher Maltman
   f. Martin Melendez
   g. Nisreen Osseili
   h. Roopa Ramkumar
   i. Christopher Rodriguez
   j. Sabrina McGeary
   k. Stephanie Herrmann
   l. Paul Kwon
   m. Robert Avellan
   n. Michael Caporusso
   o. Marcell Harrison

10. General questions regarding prior experience with court proceedings:
    a. How many of you have served previously on a jury? What type of case was it and did the jury render a verdict?

    b. Were you ever the foreperson on a jury?
    c. Do any of you know any of the other persons on the jury panel?

Some of the following questions might require you to reveal personal or sensitive information. As I stated, If you would feel more comfortable discussing the answers to these questions more privately, please let me know, and we will have a private sidebar discussion.

11. Do you or anyone close to you have any training, specialized knowledge or experience in:
    a. Health clubs, gyms, personal training, or fitness instruction?
    b. HR or personnel management?
    c. Managing, hiring, firing, or disciplining other employees?
    d. Physical or mental health care or medical field?
    e. The law, the legal system, or the court system?
    f. Accounting?

12. Have you ever had any experiences where you felt like you were discriminated against at work?
    a. If yes, please describe the circumstances.
    b. Did you file any formal complaint or grievance?
    c. If yes, with whom and what was the outcome?
    d. Were you satisfied with the outcome?
    e. How would your experience affect your opinion in this case?

13. Have you ever had any experiences where you felt like you were being treated unfairly by a colleague, supervisor, or an employer?
    a. If yes, please describe the circumstances.
    b. Did you file any formal complaint or grievance?
    c. If yes, with whom and what was the outcome?
    d. Were you satisfied with the outcome?
    e. How would your experience affect your opinion in this case?

14. Have you, anyone close to you, or anyone in your household ever brought any type of formal complaint or legal action against an employer for any reason?
    a. If yes, please describe the circumstances.
    b. What was the outcome and were you satisfied with it?
    c. How would your experience affect your opinion in this case?

15. Do you think you have ever experienced any serious mental, emotional or physical distress because of something that was going on at work?
    a. If yes, please describe the circumstances.
    b. How was that ultimately resolved?
    c. Were you satisfied with the outcome?
    d. How would your experience affect your opinion in this case?

16. Do you have any feelings or opinions for or against the plaintiffs simply because they brought a lawsuit?

17. Do you have any feelings or opinions for or against the defendants or a company simply because a lawsuit has been brought against them?

18. Is there any reason why you would tend to give a plaintiff's testimony more or less weight than a defendant's testimony on the same subject?

19. Do you think that employees who are being accused of unlawful discrimination or harassment are less trustworthy witnesses because of the nature of the charges or because they want to protect their jobs or reputations?

20. Does anyone here have any medical, mental, or physical health conditions, take any medications, or have any personal, health, or business concerns that would make it difficult for you to serve on this jury and give it your full attention and focus?

21. Do you have any moral, ethical, philosophical, or religious beliefs that would make it difficult for you to be a juror?

22. Is there anything we haven't asked you about that you think we should know about whether you should sit as a juror on this case?

23. Where do you live?

24. Who are the members of your household?

25. Do you have children? How old are they?

26. Have you ever served as a juror before?
    a. If so, when?
    b. What kind of case was it?
    c. Did the jury reach a verdict in that case?

27. Have you, or any member of your family, or any close friend, ever been involved as a party in litigation? If yes, please state the circumstances of the litigation.

28. What is your educational background?

29. What do you do in your leisure time?

30. Do you belong to any political, community or other organizations or associations? If so, please describe.

31. Have you ever protested or boycotted the services or products of a big company? If yes, please describe.

32. Where do you get your news?

33. Do you now or have you ever worked as a lawyer or worked for a lawyer? What kinds of legal practice do you/did you work in? Have you ever handled or worked on an employment discrimination or retaliation case? Please explain.

34. Do you have any friends or relatives who are lawyers or who work for lawyers? Do any of these people work on employment discrimination or retaliation cases or claims? Please explain.

35. Are you employed?

36. Where do you work now (or at your last job)?

37. How long have you been (were you) employed there?

38. What is (was) your title?

39. What are (were) your job duties?

40. If self-employed, what is the nature of your business?

41. Do you, or have you ever, supervised other employees?

42. [Ask questions 29-31 for spouse.]

43. Have you, or has any member of your family ever been disciplined, suspended, laid off or fired? If yes, please describe the circumstances and how you/they feel about it.

44. Have you, or has any member of your family ever contested any decision related to your employment through a grievance procedure or some other procedure? If yes, please describe the circumstances, how the decision was contested, and the outcome.

45. Have you, or has any member of your family to your knowledge, ever encountered difficulties on the job with a coworker or supervisor? If yes, please describe the circumstances and how you/they feel about it.

46. Do you feel that you can set aside any opinion you might have now about this case and decide the case on the evidence presented in court?

47. Will you have any difficulty keeping an open mind until hearing all the evidence, the arguments of both sides and the instructions on the law I will give you?

48. Do you believe that the defendant, as a company, is entitled to the same fair and impartial treatment by you as a juror as the plaintiff is entitled to in this case?

49. If, after hearing all the evidence in this case, you felt sorry for the plaintiff but you also found that she had not been discriminated against, would you be prepared to find for the Defendants?

50. If, after hearing all of the evidence in this case, you found that the plaintiff had been discriminated against but you did not feel sorry for her, could you still award her damages if she has proven damages?

51. As a result of any of your life experiences, do you believe there is anything that would cause you to lean in favor of either the plaintiff or the defendant in this case?

52. Do you have any concern about your ability to serve as a fair and impartial juror on a case involving a company as a defendant?

53. Under our system of justice, decisions concerning the facts of the case are the responsibility of the jury, and decisions concerning the law are the responsibility of the Court. Those responsibilities are separate and distinct, and just as the Court may not intrude upon your area of responsibility, you may not intrude upon the Court's. At the close of this trial, the Court will instruct you as to the law that you are to apply in your deliberations. When the Court gives you the law, you are required to accept it as stated. With this in mind, do you feel that for any reason you may not be willing or may not be able to apply the law as given by the Court?

54. Do you believe you would be able to follow the Court's instructions regarding the law to be applied to this case even if you disagreed with the Court's instructions or felt that the law ought to be something different from what you are instructed?

55. Will you be able to accept the Court's legal instruction that sympathy must not enter into the deliberations of the jurors, and that only the evidence presented here in court may be considered in your deliberations?

56. Is there any matter not covered by my questions that should be brought to my attention because it would affect your ability to sit as a juror in this case and to render a fair and impartial verdict?

57. Do you know of any reason why you should not be a juror in this case? If yes, please explain.

**PLAINTIFF'S VOIR DIRE QUESTIONS (NO OBJECTION FROM DEFENDANTS)**

1. Do you think serving on a jury this week would be a good use of your time?

2. Do you feel comfortable in a role representing your community: for example, participating in local politics and raising concerns to your local representatives?

3. Would you judge a person who has tattoos or piercings differently?

4. Have you ever had a job you loved?

5. During deliberations, if a juror is not following the laws I have explained to you, will you speak up and say, "we need to let the judge know"?

**PLAINTIFF'S VOIR DIRE QUESTIONS TO WHICH DEFENDANTS OBJECT**

6. If you do find that Defendants are liable for discriminating against Plaintiff, is there anything that would prevent you from calculating an award of damages in the seven or eight figures?

7. Would you judge a person because they supported the Black Lives Matter movement?

8. Would you judge a person because they supported the #MeToo movement?

9. Have you ever had a job that you thought you were great at?