**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

ROBYNN EUROPE,

                     Plaintiff,

    -against-

EQUINOX HOLDINGS, INC. d/b/a
EQUINOX FITNESS CLUB, EQUINOX
EAST 92ND STREET, INC.,

                     Defendants.

------------------------------------------------------------X

Case No. 1:20-cv-07787 (JGK) (KHP)

**AFFIRMATION OF GREG RIOLO IN OPPOSITION TO CERTAIN JURY INSTRUCTIONS OF PLAINTIFF**

      Greg Riolo, an attorney duly admitted to practice law before this Court, hereby affirms the truth of the following under penalty of perjury:

      1. I am a Principal with the law firm of Jackson Lewis P.C., attorneys of record for Defendants Equinox Holdings, Inc. and Equinox East 92nd St., Inc. (collectively "Equinox") in the above-captioned action. As such, I am familiar with the documents attached hereto.

      2. This Affirmation is submitted in accordance with the Court's February 14, 2023 Order and in opposition to certain Jury Instructions submitted by Plaintiff, and for such other and further relief as the Court deems just and proper.

      3. The Court's order also requested that the Parties submit any opposition to the Jury Voir Dire. The Parties have limited questions that the other opposes and rely on the submissions and the Court's decision on the limited disputes raised in the Joint Voir Dire submitted.

      4. Prior to the submission of the Jury Instructions, counsel for the Parties met and conferred, and reached mutual agreement on the majority of the Jury Instructions. There are **eleven**

**("11")** jury instructions that the Parties submitted their own versions for the Court's consideration. Additionally, Plaintiff submitted **eight (8) jury** instructions that Equinox has opposed.

5. Equinox contends that its versions of the following **11** Jury Instructions are proper for the reasons stated herein:

    a. **Request to Charge No. 9 – Preponderance of the Evidence**. Equinox maintains that its version of the Preponderance of the Evidence Charge is succinct, and is taken from *O'Malley, Grenig & Lee, Federal Jury Practice and Instructions*, §§ 171.60. Plaintiff has agreed to numerous instructions using the same authority. (*see* Parties' Requests to Charge, No. 1-7, 10, 13, 22, 23, 24, and 25);

    b. **Request to Charge No. 11 – Direct and Circumstantial Evidence**. Plaintiff's and Equinox's citation both refer to *Sand, et al, Modern Federal Jury Instructions*, § 74-2 (2001)(modified). Equinox maintains that its version is properly pulled from Sand. Further, Plaintiff's instruction refers to company-wide practices, which are not at issue in the single plaintiff case, and there are statements about what Plaintiff is not required to produce, which is completely improper;

    c. **Request to Charge No. 12 – Evaluation of Testimony**. Equinox maintains that its version of the Evaluation of Testimony Charge is succinct, and is taken from *O'Malley, Grenig & Lee, Federal Jury Practice and Instructions*, §§ 171.60. Plaintiff has agreed to numerous instructions using the same authority. (*see* Parties' Requests to Charge, No. 1-7, 10, 13, 22, 23, 24, and 25);

    d. **Request to Charge No. 14 – Issues – In General**. Equinox's version of the issues is comprehensive and properly and fairly discloses each parties' position;

e. **Request to Charge No. 15 – Race and Discrimination Claims.** Both Parties cite to the same New York Pattern Jury Instructions. Equinox's instruction is properly pulled from the relevant New York Pattern Jury Instruction, 9.2. Plaintiff's version unnecessarily compares federal and state law (neither of which are part of the case for purposes of trial). Plaintiff's version also fails to reference the motivating factor standard required and improperly states that the jury must find for Plaintiff if her "race or sex played any role in the decision" which is not the standard. Plaintiff's version also includes self-serving language (e.g. "[n]ote that is it not necessary for Ms. Europe to show that all other Black employees, or that all other female employees, were also discriminated against") which is not properly within the charge;

f. **Request to Charge No. 16 – Hostile Work Environment.** The different versions are very similar. Equinox maintains that its version is properly pulled from the New York Pattern Jury Instructions, 9:5A and represents the proper and complete elements of the claim under the New York City Human Rights Law that are disputed.

g. **Request to Charge No. 17 – Damages – Burden of Proof.** Plaintiff's version of the charge conflates the general damages charge with emotional distress, and improperly discusses future economic opportunities, which is not before the jury. Equinox's version is pulled directly from *Sand, et al, Modern Federal Jury Instructions*, and *O'Malley, Grenig & Lee, Federal Jury Practice and Instructions* § 171.62, which Plaintiff has cited to in a number of the prior charges as previously addressed;

    h. **Request to Charge No. 18 – Economic Damages**. Plaintiff's charge is improper in that it includes reference to interest, which is not for the jury to decide. Equinox's request is taken directly from *O'Malley, Grenig & Lee, Federal Jury Practice and Instructions* § 170.61, which Plaintiff has cited to in a number of the prior charges as previously addressed;

    i. **Request to Charge No. 19 – Mitigation**. Plaintiff's charge is improper in that it includes reference to interest, which is not for the jury to decide. Equinox's request is taken directly from *O'Malley, Grenig & Lee, Federal Jury Practice and Instructions* § 170.61, which Plaintiff has cited to in a number of the prior charges as previously addressed;

    j. **Request to Charge No. 21 – Compensatory Damages**. The Court should use the Federal charge as requested by Equinox. Plaintiff cites all federal statutes for damages other than for compensatory and punitive damages. Equinox's charges are consistent in using the Federal charges;

    k. **Request to Charge No. 21 – Punitive Damages**. The Court should use the Federal charge as requested by Defendants. Plaintiff cites all federal statutes for damages other than for compensatory and punitive damages. Equinox's charges are consistent in using the Federal charges.

6. Plaintiff also submitted additional charges for the Court to consider. Equinox objects to the additional 8 charges submitted by Plaintiff as follows:

    a. **Plaintiff's Request to Charge No. 1 – Equinox's Failure to Preserve Evidence**. Plaintiff's proposed instruction completely mischaracterizes Magistrate Katharine

H. Parker's order. In her order, Judge Parker stated that "Plaintiff should be allowed to present evidence to the jury that the September 2029 Schedule was lost"; that "the parties be permitted to use other documents and evidence produced in discovery to argue (and that the jury be instructed that it may infer) that Plaintiff's co-workers' pattern or rate of lateness in the month of September 2019 remained the same or increased in the month of September 2019" while Defendants cannot "argu[e] (and the jury be precluded from inferring) that those co-workers' patterns or rate of lateness decreased in the month of September 2019." The Court noted that Defendants may argue that "Plaintiff was late on various dates in September 2019 as indicated in her termination notice." There is nothing in the Order that states the jury must find that the evidence "could only have been either helpful to Ms. Europe or neutral".

Provided that the Parties introduce evidence in accordance with the Order, the instruction should be limited to the following: Parties are required to preserve evidence that may exist at the time they have knowledge of the claim. Equinox failed to preserve one month of Schedules (September 2019) which it was obligated to do. The Parties will make arguments as to what inferences you may draw based upon the failure to maintain the schedule for the one month;

b. **Plaintiff's Request to Charge No. 2 – Inference Defined**. This request is superfluous. The Court has provided sufficient instructions on the Jurys' role in reaching its conclusions and determinations;

c. **Plaintiff's Request to Charge No. 3 – Statements by Europe for Medical Treatment**. It appears that Plaintiff is seeking to submit her statements to her

    physicians during treatment for the truth of the matter asserted, which are inadmissible hearsay. As stated in opposition to the motion in limine, there are three references to Plaintiff's employment in all of the medical records, and provide no context as to what was said. In light of the pending motion in limine by Plaintiff, and Equinox's opposition, Equinox would ask to reserve its right to object to this charge;

d. **Plaintiff's Request to Charge No. 4 – Prior Perjury**. This instruction is completely improper. There has been no finding of perjury against any witness. To the extent Plaintiff's intends to use a prior inconsistent statement, there is a proposed charge regarding this issue;

e. **Plaintiff's Request to Charge No. 5 – Uncalled Witness Not Equally Available**. Plaintiff's request is completely improper. Plaintiff requests this instruction based on the non-appearance of former Equinox employees Jose Taveras and Adam Gecht. First, Plaintiff served and named Adam Gecht as a Defendant in this case, and ultimately dismissed him from the case. Plaintiff can certainly subpoena Mr. Gecht, who was represented by separate counsel, but has decided to use his deposition testimony in lieu of live testimony. Second, Plaintiff named but never served Jose Taveras. Mr. Taveras was terminated by Equinox and he is not under the control of Equinox.

f. **Plaintiff's Request to Charge Nos. 6 - Juror Oath and 7 – Juror Duty to Report Refusal to Follow the Law**. Plaintiff's requests are unnecessary and cites no authority for these instructions.

g. **Plaintiff's Request to Charge No. 8 – Pre-existing Condition of Plaintiff**. There is no need for this instruction. Even if the Court were to entertain such an instruction, Plaintiff's version is a misinterpretation of the law. This issue is being briefed as part of Plaintiff's motion in limine. The issue is also covered in the compensatory damages instruction.

Dated: February 24, 2023
      New York, New York

                                                                                                     Greg Riolo

4890-7810-1842, v. 1