UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBYNN EUROPE,

                     Plaintiff,

     - against -

EQUINOX HOLDINGS, INC., ET AL.,

                     Defendants.

20-cv-7787 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff seeks to introduce medical records from the Institute of Contemporary Psychotherapy created by the plaintiff's mental health provider, Swaroopa Ramkumar, which detail the plaintiff's mental health history. The defendants argue that the medical records are inadmissible hearsay.

    The plaintiff's medical records are not inadmissible hearsay because, based on the plaintiff's proffer, they satisfy Federal Rule of Evidence 803(6) which provides for an exception to the rule against hearsay for business records. See Sepulveda v. City of New York, No. 15-cv-5187, 2020 WL 2836952, at *7 n.3 (E.D.N.Y. May 29, 2020). The plaintiff has provided the medical records to the Court under seal, together with two certifications attesting to the fact that they meet the business records exception provided by Rule 803(6). Although Ramkumar, the custodian of the medical records, is unavailable to testify at trial as to the records' satisfaction of the requirements of

the business records exception, the plaintiff has provided affidavits from both Ramkumar, who created the records, as well as Andrea Green Lewis, the Director of Operations at the Institute for Contemporary Psychotherapy, certifying that each record was made at the time of the event, was kept in the ordinary course of business, and was made pursuant to the regular practice of providing mental health therapy at the Institute for Contemporary Psychotherapy. See ECF Nos. 166-1, 166-2. The plaintiff is permitted to offer a certification that the documents are business records pursuant to Federal Rules of Evidence 803(6) and 902(11). See Fed. R. Evid 803(6) ("[A]ll these conditions are shown . . . by a certification that complies with Rule 902(11).").

The defendant argues that admitting the records would confuse the jury because the records are unduly complex, and therefore that admitting the medical records would require testimony to explain their contents to the jury. However, the medical records, which have been provided under seal, are not unduly complex such that a reasonable jury could not understand their contents. Put another way, the records are "sufficiently simple" such that they "do[] not require specialized knowledge or skill to understand." Brady v. Foodliner Inc., No. 15-cv-4566, 2022 WL 1624040, at *3 (E.D.N.Y. May 21, 2022). Moreover, Ramkumar, the custodian of the records, is available for a

2

deposition before May 4, including by video deposition, if the defendants wish to depose Ramkumar regarding the contents of the medical records. See ECF No. 166-2, ¶ 6. The parties should cooperate to select a mutually convenient date for the deposition prior to trial if the defendants wish to proceed with that deposition.

Accordingly, the defendants' application to preclude the plaintiff from offering the medical records is **denied**. The Clerk is directed to close ECF Nos. 166 and 171.

**SO ORDERED.**

Dated:    New York, New York
         April 25, 2023

                                          _____
                                          John G. Koeltl
                                          **United States District Judge**

3