UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBYNN EUROPE,

                Plaintiff,

- against -

EQUINOX HOLDINGS, INC., ET AL.,

                Defendants.

20-cv-7787 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

In response to the parties' positions, the Court advises the parties as follows:

1. On Page 19 of the Charge, in connection with Hostile Work Environment, the Charge reads:

    "Fifth, for Equinox to be liable for the actions of an employee creating a hostile work environment, the plaintiff must prove that the employee was exercising managerial or supervisory responsibilities at Equinox; or that Equinox knew of the employee's conduct and either accepted it or failed to take immediate and appropriate corrective action."

2. In response to the parties' correspondence, ECF No. 182 and 183, and in accordance with the parties' agreement, the final sentence of Instruction 10 now reads:

    "In other words, it may not be inferred that, during the month of September 2019, the plaintiff's attendance record was worse than that of her coworkers."

3. The Court has not changed Instruction 7, as the defendants requested, to include a sentence that says a

motivating factor is a "determining factor that actually led to a decision." That appears to be inconsistent with the mixed motives instruction in NY PJI 9:2 on which both parties rely and with the New York cases interpreting the New York City Human Rights Law. See, e.g., Melman v. Montefiore Med. Ctr., 946 N.Y.S.2d 27, 40 (App. Div. 2012) ("[T]he plaintiff should prevail in an action under the NYCHRL if he or she proves that unlawful discrimination was one of the motivating factors, even if it was not the sole motivating factor, for an adverse employment decision.") (collecting cases).

**SO ORDERED.**

**Dated:**  New York, New York
May 14, 2023

_____
John G. Koeltl
United States District Judge